Eco N. HERNANDEZ–AVILA, Lillian Cora [Jane Doe I], Jane Doe II, on Behalf of John Doe, Jane Doe III, Plaintiffs,

Lillian Cora, Plaintiff-Appellant,

v.

Inspector AVERILL, New York City Police Dept., Detective Porter, N.Y.C. Police Dept., Sergeant Taylor, N.Y.C. Police Dept., Lieutenant Savage, N.Y.C. Emergency Squad, Officer Baker, N.Y.C. Emergency Squad, Officer Bowers, N.Y.C. Emergency Squad, Harrison Goldin, Comptroller of the City of New York, and The City of New York, Defendants-Appellees.

No. 328, Docket 83–2240.

United States Court of Appeals, Second Circuit.

Argued Sept. 28, 1983.

Decided Jan. 5, 1984.

Sutton Keany, New York City (Peter W. Sheil, Susan J. Kohlmann, Winthrop, Stimson, Putnam & Roberts, New York City, on the brief), for plaintiff-appellant.

Noel Ferris, New York City (Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of New York, Leonard Koerner, Robert Bergen, Asst. Corp. Counsel, New York City, on the brief), for defendants-appellees.

Before MANSFIELD, KEARSE and WINTER, Circuit Judges.

KEARSE, Circuit Judge:

Lillian Cora appeals from a judgment of the United States District Court for the Eastern District of New York, Eugene H. Nickerson, *Judge,* entered pursuant to Fed. R.Civ.P. 54(b), dismissing Cora from the action on the ground that there was no basis for considering her a party plaintiff. Cora appeals, contending that the court took an unduly technical view of her status and that defendants had waived any objection to the technical defects. We disagree and affirm the judgment of dismissal.

## BACKGROUND

The present action was commenced in May 1978 by plaintiff Eco N. Hernandez-Avila ("Hernandez") *pro se.* The caption of Hernandez's papers listed as plaintiffs, with Hernandez, "Jane Doe I," "Jane Doe II on behalf of John Doe," and "Jane Doe III." The amended complaint alleged that in the early morning hours of September 25, 1975, the defendant police officers, armed with machine guns, *inter alia,* forcibly entered the apartment of Jane Doe I without a warrant; without probable cause, they placed Jane Doe I, Jane Doe II, John Doe, and Hernandez under arrest, and searched the apartment, in violation of plaintiffs' rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution. In an ensuing criminal prosecution, the New York Supreme Court upheld the contention that the entry and search had been unlawful and it suppressed the fruits of those actions. The amended complaint in the present action, invoking 42 U.S.C. §§ 1981, 1983, and 1985, seeks $250,000 in compensatory damages and $500,000 in punitive damages.

Apparently, "Jane Doe I" was intended to refer to Lillian Cora, and from the development of the record below, there seems to be no dispute that the apartment entered by the police on September 25, 1975, was that of Cora.[1] Cora, however, did not sign

---

1. Hernandez was wanted by New York City police for bank robbery. On September 24, an informant gave police a telephone number at which Hernandez could be reached, and which was listed in the name of Cora. The post-complaint record below reveals that on September

the complaints in this action and did not attempt to enter any appearance until 1982.

Until 1981, all actions to prosecute the action were taken by Hernandez *pro se.* In 1981, the court appointed the firm of Paul, Weiss, Rifkind, Wharton & Garrison ("Paul Weiss") as counsel for Hernandez. Paul Weiss appeared only for Hernandez and did not purport to represent anyone else. Indeed, papers filed by Paul Weiss listed Hernandez as the sole plaintiff.

In July 1982, the firm of Winthrop, Stimson, Putnam & Roberts ("Winthrop Stimson") filed a notice of appearance "on behalf of plaintiff Lillian Cora." Just prior to Winthrop Stimson's appearance, Hernandez had moved for partial summary judgment,[2] and this motion, with defendants' cross-motion for summary judgment in their favor, remained pending until March 1983, when they were denied. No action was attempted on Cora's behalf while these motions were pending.

On March 31, 1983, Winthrop Stimson served on the defendants a request for the production of documents pursuant to Fed.R. Civ.P. 34. By letter dated May 2, 1983, defendants refused to produce documents on the ground that Cora was not a party to the action. Winthrop Stimson thereafter moved pursuant to Fed.R.Civ.P. 37(a)(2) to compel production. Defendants responded with a motion to dismiss from the action all fictitiously named plaintiffs and Lillian Cora on grounds of (1) failure to comply with Fed.R.Civ.P. 10 and 11, (2) statute of limitations, and (3) failure to prosecute.

In opposition to the motion to dismiss, Winthrop Stimson described its first meeting with Cora in June 1982 and Cora's explanation for not having participated in the lawsuit up to that point as follows:

.She stated that she had not theretofore taken an active role in the litigation because of her fear of the legal system that had been responsible for her six-month incarceration, and because of her desire to put the entire experience behind her.

(Affidavit of Peter W. Sheil, dated June 10, 1983 ("Sheil Aff."), ¶ 3.) At oral argument of the motion, Winthrop Stimson explained further that Cora had not known the present action was pending until July 1981, when she was contacted by Paul Weiss (June 13, 1983 Transcript at 5, 8), and that "[a]s soon as she became aware of the action she decided she would indeed like to parttake [*sic*]," (*id.* at 8).[3]

The district court granted defendants' motion to dismiss Cora's claims on the grounds that there was no basis to allow her to be a party, and that, if she were allowed to enter, her claims would be barred by the statute of limitations. The court directed that a final judgment dismissing Cora's claims be entered pursuant to Fed.R.Civ.P. 54(b). This appeal followed.

## DISCUSSION

In moving to dismiss Cora's claims, defendants placed principal reliance on Fed. R.Civ.P. 10(a) and 11. Rule 10(a) requires that the caption of the complaint include the names of all of the parties to the action.[4] Rule 11 requires that all pleadings be

24 Cora was not wanted by the police for any crime, had no criminal record, and was not the subject of any police investigation.

2. Earlier motions for summary judgment by defendants and Hernandez had been denied on November 3, 1980, and December 18, 1981, respectively.

3. Although at oral argument counsel placed Cora's learning of the lawsuit in July 1981, the sequence of events makes it seem more likely that she learned of it in 1982, since Paul Weiss obtained Cora's affidavit in connection with Hernandez's 1982 motion, and Winthrop Stimson's appearance was entered in 1982. Since, however, the event complained of occurred in

1975, and the applicable statute of limitations is three years, *see Singleton v. City of New York,* 632 F.2d 185, 189–90 (2d Cir.1980) (§ 1983), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981); *Paschall v. Mayone,* 454 F.Supp. 1289, 1293–94 (S.D.N.Y.1978) (§§ 1981, 1983, 1985), it is immaterial whether 1981 or 1982 was the year in which Cora decided she wished to join the suit.

4. The caption of this action has been unusually fluid. Somewhat improbably, it was at its most stable while Hernandez was proceeding *pro se.* During that stage, the plaintiffs were listed as Hernandez and the various "Does." For a year after Paul Weiss entered the action

signed and provides that if a party is not represented by an attorney, the pleading must be signed by the party. Cora contends that these are mere technical requirements, noncompliance with which did not merit dismissal, and that defendants had waived any objections to noncompliance by not raising the matter in their first motion addressed to the amended complaint. We view Cora's early inaction as far more significant than a party's merely omitting to sign a pleading.

■ The statements of Winthrop Stimson in opposition to defendants' motion make clear that Cora in fact was not a party to this action prior to 1982. She took no action to commence an action; nor did she authorize Hernandez to sue in her behalf (even if it were permissible for him as a nonlawyer to represent her). Rather, she "desire[d] to put the entire experience behind her." (Sheil Aff. ¶ 3.)

Prior to 1982 Cora did not in any way seek to participate in the action, and neither the court, nor Hernandez, nor the defendants treated her as a party. Consistent with her desire to put the experience behind her, Cora plainly did not view herself as a plaintiff. Thus, when Hernandez moved for partial summary judgment in 1982, Cora gave an affidavit in which she did not identify herself as a plaintiff; rather, the caption showed Hernandez as the only plaintiff, and paragraph 1 stated that the affidavit was in support of "plaintiff's" (singular) motion. (Affidavit of Lillian Cora dated May 4, 1982.) Until Cora was contacted by Paul Weiss to give the affidavit she did not even know the lawsuit had been brought. It was not until then that she decided she would like to pursue her claim. Before

then, she was not and could not properly have been considered a party.

No other interpretation seems reasonable. We cannot envision, for example, if defendants had prevailed on the merits in 1980, that Cora would have been liable for any portion of the taxable costs of the action. Nor, if the action had been dismissed for lack of prosecution, do we believe Cora, who had not brought suit, would be deemed barred from thereafter asserting her claim on grounds of res judicata.

We have considered all of Cora's contentions, and we find her arguments unpersuasive and the authorities on which she relies inapposite. This is not, for example, a case such as *Doe v. Stegall*, 653 F.2d 180 (5th Cir.1981), in which the pseudonymous plaintiff in fact wished to bring suit but merely wished anonymity. Nor is it a case such as *Burak v. Pennsylvania*, 339 F.Supp. 534 (E.D.Pa.1972), in which an identified plaintiff wished to bring suit but inadvertently failed to sign the complaint. Cora's inactions were not mere technical flaws in her prosecution of the suit. Rather, she chose not to prosecute. Having so chosen, she was neither a party as envisioned by Rule 10(a) nor a pleader as envisioned by Rule 11.

In sum, since it is clear that Cora did not sign a complaint, did not authorize anyone to sue for her (either in her name or in her pseudonym), and had no desire to sue, we agree with the district court that there was no basis for ruling that she did sue. Her effort to "parttake" in 1982, after she first became aware of the existence of the suit, was belated. The three-year statute of limitations having long since run, the district

---

on Hernandez's behalf, most papers bore a caption that listed Hernandez as the only plaintiff. When Winthrop Stimson entered its appearance, it at first returned to the proper caption, listing Hernandez and the "Does." In its first paper filed thereafter, however, Winthrop Stimson inserted the name of Lillian Cora in the caption as a parenthetical following "Jane Doe I." In its next filed paper, Winthrop Stimson advanced Cora's name in the listing to follow that of Hernandez, and placed "Jane Doe I" in parentheses following Cora's name.

Given additional time, perhaps we might have seen Cora elevated to lead-off plaintiff.

We do not approve of counsel's playing in this way with a case's established caption. A caption may of course be amended with the permission of the court. *See* Fed.R.Civ.P. 15. "[C]ourts generally will allow an amendment under Rule 15 to correct technical defects in the caption." 5 C. Wright & A. Miller, Federal Practice & Procedure § 1321, at 461 (1969). If permission is not given, the caption should be shown in compliance with Fed.R.Civ.P. 10(a).

court properly did not permit her to become a party in 1982.

### CONCLUSION

The judgment dismissing the claims of Cora is affirmed.