**In re RICHARD ROE, INC.,
and John Doe, Inc.**

**UNITED STATES of America,
Petitioner–Appellee,**

v.

**RICHARD ROE, INC., Richard Roe,
John Doe, Inc., and John Doe,
Respondents–Appellants.**

**No. 669, Docket 95–6142.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 7, 1995.

Decided Oct. 13, 1995.

leges. Based on an *ex parte* affidavit submitted by the government, the district court concluded that there was a factual basis to believe that the exception applied and thereafter conducted an *in camera* inspection of the documents at issue. In a sealed opinion, the court found that

> although many [of the documents] may enjoy the privilege claim, [the court was] in no position to say that one or more or all of them may not prove to be relevant evidence of activity in furtherance of contemplated or ongoing criminal or fraudulent conduct in this case. Furthermore, this Court does find that these documents, read collectively, have the real potential of being relevant evidence of activity in furtherance of a crime.

The district court thus held that the documents fell within the crime-fraud exception and issued two orders compelling the production of those documents. The court further ordered that unspecified witnesses, clearly including the corporations' joint attorneys, give virtually unlimited testimony concerning: (i) the documents, (ii) an investigation performed by appellants' counsel, and (iii) opinions rendered by counsel during the time frame of the subpoenaed documents. At a hearing on June 21, 1995, John Doe and Richard Roe, two officers of the corporations, refused to produce the subpoenaed documents and were held in contempt. This expedited appeal followed. Because the district court employed an incorrect test to determine whether the crime-fraud exception applies, we reverse and remand with directions.

█ The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981). The privilege applies so that

> (1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from

David M. Zornow, New York City (Keith D. Krakaur, Lawrence S. Spiegel, Skadden, Arps, Slate, Meagher & Flom, New York City, of counsel) for Respondents–Appellants John Doe, Inc. and John Doe.

Laura A. Brevetti, New York City (Robert A. Culp, of counsel) for Respondents–Appellants Richard Roe, Inc. and Richard Roe.

Sean F. O'Shea, Assistant United States Attorney, Brooklyn, New York (Zachary W. Carter, United Stat·s Attorney, Eastern District of New York, David C. James, Lee G. Dunst, Assistant United States Attorneys, of counsel) for Petitioner–Appellee.

Before: WINTER, ALTIMARI, and McLAUGHLIN, Circuit Judges.

WINTER, Circuit Judge:

This appeal concerns the scope of the so-called "crime-fraud" exception to the attorney-client privilege and attorney work product immunity (collectively "the privileges"). Appellant corporations John Doe, Inc. and Richard Roe, Inc.[1] asserted the privileges with respect to four grand jury subpoenas seeking documents and testimony from the corporations and from attorneys who jointly represented the firms at one time. The government subsequently moved to compel production, arguing that the matters sought fell within the crime-fraud exception to the privi-

1. Because this appeal involves proceedings currently before a grand jury and the briefs and record on appeal are under seal, we employ pseudonyms.

disclosure by himself or the legal adviser, (8) except the protection be waived.... *United States v. Kovel*, 296 F.2d 918, 921 (2d Cir.1961). The attorney-client privilege is designed to promote unfettered communication between attorneys and their clients so that the attorney may give fully informed legal advice. *In re John Doe, Inc.*, 13 F.3d 633, 635–36 (2d Cir.1994) (*"John Doe 1994"*); *In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983*, 731 F.2d 1032, 1036 (2d Cir.1984) (*"Marc Rich"*). The protection given to attorney work product serves a similar purpose: "to avoid chilling attorneys in developing materials to aid them in giving legal advice and in preparing a case for trial." *In re John Doe Corp.*, 675 F.2d 482, 492 (2d Cir.1982) (*"John Doe 1982"*). *See generally Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

■ Nevertheless, "[i]t is well-established that communications that otherwise would be protected by the attorney-client privilege or the attorney work product privilege are not protected if they relate to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct." *Marc Rich*, 731 F.2d at 1038 (citations omitted). Although there is a societal interest in enabling clients to get sound legal advice, there is no such interest when the communications or advice are intended to further the commission of a crime or fraud. The crime-fraud exception thus insures that the secrecy protecting the attorney-client relationship does not extend to communications or work product " 'made for the purpose of getting advice for the commission of a fraud' or crime." *United States v. Zolin*, 491 U.S. 554, 563, 109 S.Ct. 2619, 2626, 105 L.Ed.2d 469 (1989) (quoting *O'Rourke v. Darbishire*, [1920] A.C. 581, 604 (P.C.)).

■ We have recently reiterated that a party seeking to invoke the crime-fraud exception must at least demonstrate that there is probable cause to believe that a crime or fraud has been attempted or committed and that the communications were in furtherance thereof. *John Doe 1994*, 13 F.3d at 637. In the instant case, the district court, after considering the government's *ex parte* submission and reviewing the subpoenaed documents *in camera*, premised its holding that the crime-fraud exception applied on a finding that "these documents, read collectively, have the real potential of being relevant evidence of activity in furtherance of a crime." The government argues that this formulation reflects the proper legal standard. We disagree.

■ The "relevant evidence" test departs from the correct "in furtherance" test in two respects. First, the crime-fraud exception does not apply simply because privileged communications would provide an adversary with evidence of a crime or fraud. If it did, the privilege would be virtually worthless because a client could not freely give, or an attorney request, evidence that might support a finding of culpability. Instead, the exception applies only when the court determines that the client communication or attorney work product in question was *itself* in furtherance of the crime or fraud. *See In re Grand Jury Subpoenas Duces Tecum*, 798 F.2d 32, 34 (2d Cir.1986) (crime-fraud exception inapplicable where the documents themselves in combination with government proffer did not support a finding "that those communications were in furtherance of those crimes"). Second, the crime-fraud exception applies only where there is probable cause to believe that the particular communication with counsel or attorney work product was intended in some way to facilitate or to conceal the criminal activity. *Id.* at 34 (reversing compulsion order for failure "to show the requisite purposeful nexus"); *Marc Rich*, 731 F.2d at 1039 (the crime or fraud must "have been the objective of the client's communication"); *United States v. White*, 887 F.2d 267, 271 (D.C.Cir.1989) ("[t]o subject the attorney-client communications to disclosure, they must actually have been made with an intent to further an unlawful act"). *See also* John William Gergacz, *Attorney–Corporate Client Privilege* 4–16 (1990) ("The client's intention in communicating with counsel is controlling under the crime-fraud exception and, therefore, must be established as a part of the prima facie case.").[2] Because a simple find-

---

**2.** This court and others have generally enunciated the requirement of a criminal or fraudulent purpose in discussions of the attorney-client privilege and not the work product immunity. Where, as here, the attorney-client privilege and the work product immunity substantially overlap, we see no reason to apply a different standard for attorney work product. *See In re Grand Jury Proceedings*, 604 F.2d 798, 803 (3d Cir.1979).

ing of relevance does not demonstrate a criminal or fraudulent purpose, it does not trigger the exception.

There are loose ends remaining. For example, the precise factual basis of the alleged crime or fraud is unclear. Moreover, the government apparently claims that only one of the two corporate privilege-holders was involved in a crime or fraud. This raises the very difficult issue of whether the crime-fraud exception applies where one of two joint privilege-holders is innocent. However, because the district court used a "relevant evidence" test, rather than an "in furtherance" test, it did not need to reach this issue.

■ We therefore remand this matter to the district court for an examination of each document under the proper standard. The district court shall determine which, if any, of the documents or communications were in furtherance of a crime or fraud, as discussed above. If production is ordered, the court shall specify the factual basis for the crime or fraud that the documents or communications are deemed to have furthered, which of the parties asserting claims of privilege possessed a criminal or fraudulent purpose with respect to those documents or communications, and, if appropriate, whether the crime-fraud exception applies to an innocent joint privilege-holder.

In addition, should the district court require grand jury testimony on the ground that the documents or other communications fall within the crime-fraud exception, it shall specify the witness or witnesses required to give testimony, the scope of the examination permitted, and the basis, as described above with regard to the documents, for applying the crime-fraud exception. Where appropriate, the district court may examine these witnesses *in camera* before ordering testimony before a grand jury.

One further matter remains. Appellants ask that, in the event of remand, we direct that this case be assigned to a different judge. This request is based largely on events subsequent to the appeal, and we decline to consider it until a recusal motion has been presented to, and ruled upon by, the district court. This proceeding can also occur on the remand.

Further proceedings should remain under seal. The remand will utilize the procedures set out in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994). The mandate shall issue forthwith. Jurisdiction will be automatically restored to this panel without a new notice of appeal if and when appellants inform the clerk of this court that the district court has ordered the disclosure of documents or presentation of testimony to the grand jury based upon the crime-fraud exception or has denied a recusal motion. Any subsequent briefing can be by letter on an expedited schedule to be set by the clerk.

Remanded for further proceedings in accord with this opinion.