Dorthea a/k/a Doris **BERNBACH,** et al., Plaintiffs,

v.

**TIMEX CORPORATION,** et al., Defendants.

**Civil Action No. 3:94 cv 224 (JBA).**

United States District Court, D. Connecticut.

July 21, 1997.

Daniel S. Blinn, Pepe & Hazard, Hartford, CT, for Plaintiffs.

Richard P. Renehan, Tinley, Nastri & Renehan, Waterbury, CT, for Defendants.

*RULING ON TIMEX CORPORATION'S MOTION TO COMPEL*

MARTINEZ, United States Magistrate Judge.

Timex Corporation moves to compel the production of fourteen notebooks containing notes written by the plaintiff Susie Sundholm to her attorney. For the reasons that follow, Timex Corporation's Motion to Compel (doc. # 146) is DENIED.

*Relevant Facts*

Susie Sundholm is described by her attorney as "a loquacious woman who was disorganized in thought and who demanded ample hours of attorney time to articulate her concerns." Affidavit of Richard P. Renehan ("Renehan Aff."), ¶ 4. In an effort to make efficient use of his time, Attorney Renehan directed Mrs. Sundholm to write notes regarding matters that she needed to discuss with him in order to help him prepare her case. Renehan Aff., ¶ 5; Affidavit of Susie Sundholm ("Sundholm Aff."), ¶ 6. Mrs. Sundholm made almost daily notes of events and conditions in her life which she felt were critical for her attorneys to know. Sundholm Aff., ¶¶ 7, 8. Mrs. Sundholm kept these notes in notebooks which she labeled "For My Attorneys." Sundholm Aff., ¶ 9. Mrs. Sundholm considered the contents of the note-

books to be personal and believed that the notes were to be used solely for the purposes of obtaining legal advice and assisting her attorneys in preparing the prosecution of her claims. Sundholm Aff., ¶ 10.

Attorney Renehan did not review the notebooks as they were being written, but did review them after Mrs. Sundholm's deposition. Renehan Aff., ¶ 8.

*Discussion*

Timex seeks to compel the production of the notebooks in which Susie Sundholm recorded for her lawyer facts underlying her allegations in this action. Mrs. Sundholm claims that the notebooks are protected from disclosure under the attorney-client privilege and the work product doctrine. The court holds that the notebooks are protected under the attorney-client privilege.[1]

■ "The attorney-client privilege is designed to promote unfettered communication between attorneys and their clients so that the attorney may give fully informed legal advice." *In re Richard Roe, Inc.,* 68 F.3d 38, 40 (2d Cir.1995). "The privilege applies so that

'(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived....' "

*Id., quoting United States v. Kovel,* 296 F.2d 918, 921 (2d Cir.1961). The party asserting the attorney-client privilege bears the burden of establishing the essential elements of the privilege. *United States v. Construction Products Research, Inc.,* 73 F.3d 464, 473 (2d Cir.), *cert. denied,* — U.S. —, 117 S.Ct. 294, 136 L.Ed.2d 213 (1996).

■ The court finds that Mrs. Sundholm's notebooks satisfy the elements of the attorney-client privilege. The notes contained in the notebooks were made for the purpose of

informing Mrs. Sundholm's attorneys about events and conditions Mrs. Sundholm felt her attorneys needed to know in order to represent her in this action. The notes were therefore made by Mrs. Sundholm for the purpose of seeking legal advice from her attorney. The notes also constitute a communication from Mrs. Sundholm to her attorney. The fact that Attorney Renehan did not read the notes contemporaneously with their creation does not change the fact that the notes were created by the client to communicate with her attorney to get legal advice. Finally, the notes were made and communicated to Attorney Renehan in confidence, and the court has received no evidence that that confidence has not been maintained. Thus, the elements of the privilege are satisfied.

■ Timex argues that the attorney-client privilege does not protect the notebooks because the notes do not contain confidential facts. Timex is correct that the facts contained in the notebooks are not protected. *See, e.g., In re Six Grand Jury Witnesses,* 979 F.2d 939, 944 (2d Cir.1992) ("the cloak of privilege simply protects the communication from discovery, the underlying information contained in the communication is not shielded from discovery"), *cert. denied,* 509 U.S. 905, 113 S.Ct. 2997, 125 L.Ed.2d 691 (1993). What is protected, however, is the communication of those facts. *United States v. Cunningham,* 672 F.2d 1064, 1073 n. 8 (2d Cir. 1982) (the privilege "attaches not to the information but to the communication of the information."). Therefore, while Timex may inquire about the facts that underlie Mrs. Sundholm's allegations, Timex is precluded from inquiring into what Mrs. Sundholm communicated to her attorney about the facts underlying her allegations. *See id.*

Because the notes contained in the notebooks satisfy the elements of the attorney-client privilege, the notebooks are protected from disclosure.

---

1. Because the court holds that the notebooks are protected from disclosure under the attorney-client privilege, the court does not reach the issue of whether the notes would also be protected under the work product doctrine.

*Conclusion*

Based on the foregoing, Timex Corporation's Motion to Compel (doc. # 146) is DENIED.

