**John DOE, Petitioner,**

**v.**

**Charles GREINER, Respondent.**

United States District Court,
S.D. New York.

Sept. 15, 2009.

**356**

John Doe, Pro se petitioner.

Paul M. Tarr, Assistant Attorney General, State of New York, New York, NY, for respondent.

## OPINION & ORDER

DENISE COTE, District Judge:

Petitioner John Doe ("Petitioner") seeks an order 1) amending the caption in the above matter to read "*Anonymous v. Fischer*"; 2) removing all references to his name in an Opinion issued in 2009 that denied his petition for a writ of habeas corpus, *Doe v. Greiner* (the "2009 Opinion"), and in the 2008 Report and Recommendation issued by the Honorable Andrew J. Peck, *Doe v. Greiner* (the "Report"); and 3) sealing the record in this matter and removing the 2009 Opinion and the Report from any publications. Petitioner's requests stem from brief references in the 2009 Opinion and the Report to his trial testimony that he had worked as an informant. For the reasons below, his request is denied.

## BACKGROUND

Petitioner was convicted at trial in state court in 1996 of committing two robberies in Manhattan in 1995. Petitioner testified on his own behalf and was cross-examined about his prior convictions. Petitioner explained that they stemmed from his work as a confidential informant for the federal government. Petitioner's federal habeas petition attacking his conviction claims, *inter alia*, that the prosecutor committed reversible errors in his summation comments on Petitioner's criminal record.

Upon request of Petitioner's appellate counsel, proceedings in his direct appeal were captioned anonymously. His conviction was upheld by both the Appellate Division and the Court of Appeals. In a dissent to the Appellate Division's affirmance of the conviction, Justice Ernst H. Rosenberger described Petitioner's testimony about his work as an informant as follows: "All of his convictions were misdemeanors or youthful offender adjudications and none involved weapons or violence against another person. To attempt to explain or minimize this record, and also to show how the instant offense was not consistent with his profile, defendant testified that he had only become involved in these crimes in connection with his undercover work as a confidential informant and

therefore had been given favorable plea bargains." The brief memorandum opinion of the New York Court of Appeals made no reference to Petitioner's testimony regarding his informant status.

What follows is a description of Petitioner's use of his own name and his requests to proceed anonymously while pursuing collateral relief in federal court. Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 24, 2002 under his own name (the "2002 caption"). As a result, all of the captions on the court orders and Petitioner's filed submissions during 2002 and 2003 carried his name. The petition was referred to Judge Peck on August 15, 2002 for a Report and Recommendation. Judge Peck recommended later that year that the petition be denied so that Petitioner could return to state court and exhaust his claims. An Order filed in January 2003 dismissed the petition and advised Petitioner that he could re-file the petition within 91 days of the date the state court adjudicated a motion he had filed pursuant to § 440.10 of the New York Criminal Procedure Law (C.P.L.). Neither the Report and Recommendation nor the January 2003 Order addressed the substance of the petition or discussed Petitioners trial testimony.

Petitioner returned to federal court over four years later. He asserts that he filed a new habeas petition on February 23, 2007 "depicting the *SEALED* caption of ANONYMOUS V. BRIAN FISCHER," but that it was returned to him with instructions on how to file a motion. He contends that he returned the petition on March 23, 2007 with a letter explaining why the caption using the name Anonymous should be accepted.[1] He explains that he followed up with letters of July 17 and August 16.[2] After being informed through a November 5 letter that the new petition "was not filed," [3] on November 22, 2007, in a submission bearing the 2002 caption with his name, Petitioner requested reinstatement of the 2002 petition or, in the alternative, leave to file "the renewed petition of February 2007 (depicting Petitioner within caption as ANONYMOUS), *nunc pro tunc.*" Petitioner also requested extensive discovery from the respondents and submitted a proposed order with the 2002 caption. In January 2008, this Court reopened the 2002 case and referred the matter once again to Judge Peck, with the observation that the date the state court had decided the C.P.L. § 440 motion was unclear. The Order and all subsequent orders issued by this Court and Judge Peck used the 2002 caption.

Through an Order of January 22, 2008, Judge Peck denied Petitioner's requests for discovery and directed him to file an amended petition by February 22, 2008 that asserted only claims that had been fully exhausted. On February 15, Petitioner submitted a letter to Judge Peck under a caption using his own name, primarily requesting an extension of time within which to file an amended petition. Petitioner sent a letter to Judge Peck on April 2, 2008 complaining about miscon-

---

1. The January 6, 2009 submission actually states that Petitioner resubmitted the petition on March 23, *1997*, but this was most likely in error.

2. The record does not reflect that any submissions were filed until Petitioner's November 22, 2007 submission, which was filed on December 28, 2007.

3. Judge Peck's February 26, 2008 Order explained that the Court's Pro Se Office did not retain a copy of any filings that had been returned to Petitioner, and requested that the Attorney General's Office provide copies to Petitioner and the court if they had been served with the documents.

duct by the District Attorney's Office during the litigation of his C.P.L. § 440 motion; the letter listed the 2002 caption and did not mention his wish to proceed anonymously. Petitioner next filed an amended petition, dated April 28, 2008, which was accepted as the operative petition in the case on May 13. The amended petition bears the caption *"Anonymous v. Brian Fischer, Commissioner of the Department of Correctional Services, Inc., of the State of New York."* Petitioner signed the document on behalf of himself and "Anonymous."

Petitioner used the caption *"Anonymous v. Fischer"* in some but not all of the correspondence that he sent after he filed the amended petition.[4] Petitioner's letter to Judge Peck on August 28, 2008 reflected concern about the timeliness of his return to federal court to renew his petition and requested more time to file a submission responsive to the papers filed in opposition to his petition. The traverse attached to the letter asserted that the 2002 caption was incorrect but did not request that the caption be amended. Judge Peck held a conference call with the parties on September 8 and explained to Petitioner that he risked having his petition dismissed as time barred if he sought to return again to state court.

Judge Peck issued the Report recommending denial of the petition in September 2008. The Report made reference to Petitioner's claim at trial that he worked as an informant: "despite the certificates of conviction relating to [Petitioner]'s convictions on October 29, 1986, November 14, 1988, November 16, 1989, December 6, 1990, July 8, 1991, June 17, 1992 and May 19, 1993, [Petitioner] testified that all his prior arrests stemmed from his work as a confidential informant for the DEA."

In a letter received on October 9, Petitioner requested an extension of time to file his response to the Report, and protested that

> notwithstanding the fact that my Amended Petition, Traverse, and COUNTLESS communications SPECIFICALLY INDICATED that the CAPTION is and should properly be *ANONYMOUS v. Fischer,* this Court's CLEAR OVERSIGHT appear to be intended to Get me HURT or KILLED ... TO WIT, this COURT has not entered an Order Prohibiting that this matter be SEALED!

(Emphasis in original). An Order issued on October 14 gave Petitioner until November 13 to file his objections to the Report, but did not address his request that the case be sealed.

Petitioner's next request for an extension, received on November 13, 2008, also requested a transcript of a September 8, 2008 telephone conference held before Judge Peck. The letter mentioned Petitioner's previous objection to the Report's use of his real name, citing "security concerns that resulted in the lower courts' amending of the caption which was completely disregarded in the Report." An Order of November 13 granted Petitioner's request for an extension and also directed respondent to provide Petitioner with a transcript of the September 8 telephone conference. It did not address his request to proceed under the *"Anonymous v. Fischer"* cap-

---

4. For instance, Petitioner used the 2002 caption bearing his name in his letters of February 15, 2008, April 2, 2008, July 14, 2009, and July 31, 2009, as well as in his November 22, 2007 motion and the August 20, 2009 letter covering his declaration itself in support of the instant motion (the declaration itself was submitted under *"Anonymous v. Fischer"*). Petitioner's letters of November 11, 2008, December 4, 2008, and his submission of January 5, 2009 list both captions.

tion. Petitioner's final request for an extension, dated December 8, listed both captions but did not discuss his objection to proceeding under his own name. Petitioner received the requested extension in an Order of December 11.

On January 6, 2009, Petitioner submitted a thirty-five page document combining his objections to the Report ("Objections") with a motion under Federal Rule of Civil Procedure 60(b). The Objections described the unsuccessful attempts to renew his petition in 2007 under the *"Anonymous v. Fischer"* caption. Petitioner argued that his inability to file a new petition with an anonymous caption left him with "no recourse but to reinstate the instant matter" under the 2002 caption, which used his name. He reiterated that the Report and other orders had disregarded his "security name concerns" and referred to Petitioner by name throughout.

Petitioner's claims were next addressed in the 2009 Opinion, which denied his January 6 Rule 60(b) motion and his amended petition for a writ of habeas corpus, issuing a certificate of appealability on one issue only. 2009 Opinion. The Opinion did not discuss Petitioner's request to proceed anonymously. It reiterated the Report's description of Petitioner's testimony. *Id.* ("[w]hen [Petitioner] was questioned on cross-examination about his prior convictions, he explained that they stemmed from his work as a confidential informant for the DEA"). The Opinion also noted that the prosecutor had "repeated [Petitioner]s assertion that he had been acting as either a DEA or Customs agency informant in connection with every prior arrest" on summation. *Id.* Nowhere else did the Opinion mention Petitioners purported work as a confidential informant.

On July 14, Petitioner moved to amend the caption to read *"Anonymous v. Fischer,"* to remove references to Petitioners name in all published decisions, to seal the record and the briefs filed in this action, and to remove the 2009 Opinion and the Report from publication. Petitioner explains that his security concerns arise from the fact that he is serving a lengthy sentence and evidence from the trial "suggested" that he "may have worked as a confidential informant over a period of years and that he may have given information that was used against others also presently incarcerated" in the New York prison system. Petitioner pointed out that the First Department had recognized the seriousness of these concerns and had granted the request of his appellate counsel to change the caption. A July 20 Order set a schedule for the parties to address the motion. Respondent took no position on the motion, but noted that the 2009 Opinion and the Report declined to alter the caption.[5]

## DISCUSSION

 A plaintiff's request seeking permission to modify an official caption is properly brought under Federal Rule of Civil Procedure 15, which governs amendment of the pleadings. *Hernandez–Avila v. Averill,* 725 F.2d 25, 28 n. 4 (2d Cir. 1984). "[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated" pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). *Van Buskirk v. New York Times,* 325 F.3d 87, 92 (2d Cir.2003) (citation omitted).

 Petitioners application to seal these proceedings in their entirety or to omit his

---

**5.** An August 3, 2009 Order addressed Petitioner's request that a notice of appeal be filed after he received a decision on the in-

stant motion, and classified the motion to amend the caption as brought pursuant to Rule 60(b)(6), Fed.R.Civ.P.

name from the caption is a request for extraordinary relief. "The people have a right to know who is using their courts." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir.2008) (citation omitted). As a general rule, therefore, parties may not litigate their disputes anonymously. Rule 10(a) of the Federal Rules of Civil Procedure states that "[t]he title of [a] complaint must name all the parties." "This requirement ... serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff*, 537 F.3d at 188–89. Public scrutiny of proceedings regarding petitions for writs of habeas corpus is particularly important. *See Mancuso v. Harris*, 677 F.2d 206, 209 (2d Cir.1982) ("[i]t is unquestionable that the federal court's review of the petition implicates the public interest in the enforcement of the criminal law in the state courts").

■■■ At the same time, in certain "sensitive situations, some materials, including the names of parties, may be under judicial seal." *In re New York Times Co. to Unseal Wiretap and Search Warrant Materials*, 577 F.3d 401, 410 n. 4 (2d Cir.2009) ("*New York Times*"). There are "a limited number of exceptions to the general requirement of disclosure of the names of parties, which permit plaintiffs to proceed anonymously." *Sealed Plaintiff*, 537 F.3d at 189 (citation omitted). To decide whether a plaintiff may be allowed to prosecute an action anonymously, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* In *Sealed Plaintiff*, the Second Circuit articulated a non-exhaustive list of ten factors courts should consider when faced with an application to proceed under a pseudonym:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature, (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties, (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity, (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (citation omitted).

■■■ Petitioner has not shown that the documents filed in this action should be sealed or that the caption should be altered. This litigation does not involve matters that are highly sensitive or that implicate issues of privacy. It concerns the Petitioner's conviction after trial in state court on robbery charges. Moreover, the petition's claims raise questions

about the quality of justice that Petitioner received during the state court prosecution, and thereby implicate important issues of public concern. Petitioner challenges the actions of the prosecutor and the state court system, as well as the performance of his appointed counsel. There is a strong interest in airing and resolving these issues in public proceedings, as recognized by the fifth factor named in *Sealed Plaintiff*, quoted above. Based on its subject matter, this petition for a writ of habeas corpus cannot be distinguished from the thousands of others that are litigated on the public record.

Petitioner's application does not explain why broad relief is necessary to protect him. Petitioner points to only a few sentences in lengthy opinions, one in the Report and two others in the 2009 Opinion, as posing any threat to his safety. Whether he has shown a need to redact those sentences from the publicly filed documents shall be addressed below, but Petitioner's discussion of the danger posed to him by those sentences does not suggest that the entire record in this case should be sealed or that the fact he has challenged his state court conviction, including the grounds for the challenge, and the resolution of those challenges, should be removed from public disclosure.

For example, Petitioner has failed to show that there is a risk of harm to him or anyone else that should be addressed by sealing this record or changing the caption to conceal his identity. No document filed in federal court has ever described the nature of Petitioner's work as an informant. Thus, the dates and targets of his work have never been disclosed. Nor is there even an indication that anyone was

ever arrested as a result of any cooperation he offered to law enforcement officers. Indeed, in his motion to seal these proceedings, Petitioner mentions only that he "may" have worked as an informant. Of course, even if person never worked as an informant, the assertion that he did may pose a risk to him. For example, a reputation for having given prison officials information about a violent prison gang could pose a serious risk of danger to a prison inmate whether the reputation was properly attributed to malicious slander or firm knowledge. But, when the subject matter of the litigation has little to do with the asserted risk, and when Petitioner has provided no facts or details describing his work as an informant, the persons or group of persons from whom he faces a threat, or any retaliation that work has prompted, his unsupported and uncorroborated naked assertion that he has worked as an informant and is now in danger is insufficient to set aside the public's interest in open court proceedings.[6]

Another factor from *Sealed Plaintiff* that weighs against altering the caption or sealing the case is that the Petitioner's identification "has [not] thus far been kept confidential." *Id.* Petitioner filed this petition using his own name and did not suggest a change in the caption until 2007, when he returned to federal court after the resolution of his C.P.L. § 440 motion. Even at that time, the suggestion was made as an alternative to simply reinstating his 2002 petition with its caption.

In sum, Petitioner has not shown that the nature or subject matter of this litigation requires sealing the case or removing his name from the caption. His testimony during trial that he was once an informant

---

**6.** Where a criminal defendant sought to seal motion papers and close his trial, the Second Circuit noted that a district court may summarily deny such a motion "in circumstances where a conclusory or wholly implausible allegation of danger is presented." *United States v. Doe,* 63 F.3d 121, 130 (2d Cir.1995).

has played only a peripheral role in the litigation regarding his petition for a writ of habeas corpus, and he has made no showing that the brief and vague references to that topic during the course of this litigation present any danger to him. Petitioner's generalized assertion of a risk does not outweigh the "vital purpose of facilitating public scrutiny of judicial proceedings," which "cannot be set aside lightly." *Sealed Plaintiff*, 537 F.3d at 188–89.

In a foundational case where the Ninth Circuit Court of Appeals permitted a petitioner seeking a writ of habeas corpus to proceed anonymously, both parties "urge[d] the need for [petitioner's] protection," the proceedings at issue detailed the petitioner's decision to cooperate with the DEA, and his habeas petition attacked the plea agreement in which he had agreed to cooperate with the government. *United States v. Doe*, 655 F.2d 920, 922 n. 1, 923–24 (9th Cir.1981).[7] By contrast, this motion is a unilateral request, the proceedings barely touch on Petitioners alleged status as an informant, and the record reveals nothing about any information he may have provided the government in the past.

■■■ Although not specifically requested by Petitioner, because he is proceeding *pro se* and because concerns regarding safety should always be addressed carefully, it is also appropriate to consider whether the Report and 2009 Opinion should be withdrawn from publication and re-filed with the sentences referring to the defendant's testimony regarding his work as an informant redacted from the publicly filed opinions. The "right of public access

to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir.2006). "[W]hen a district court ... considers a request to seal a file or to approve or take other protective measures, it enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." *Geller v. Branic Intern. Realty Corp.*, 212 F.3d 734, 738 (2d Cir.2000). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. Broad and general findings by the trial court, however, are not sufficient to justify closure." *Lugosch*, 435 F.3d at 120 (citation omitted). Courts should be especially reluctant to remove or conceal proceedings that appear in their opinions, as "an adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *Id.* at 121 (citation omitted). That said, the presumption that public access must be preserved diminishes as the documents and items at issue play less of a role in "determin[ing] litigants substantive legal rights." *Id.*

■■■ The simple assertion that one has worked as an informant does not necessarily require that court documents redact one's identity or conceal details of one's claims of cooperation. *See, e.g., United States v. Giffen*, 473 F.3d 30 (2d Cir.2006). In *Giffen*, the defendant asserted a public authority defense, claiming that the government had authorized his illegal conduct,

---

7. In *Sealed Plaintiff*, the Second Circuit expressly "endorse[d]" the Ninth Circuit's formulation" regarding when a party may proceed anonymously. *Sealed Plaintiff*, 537 F.3d at 189. The court cited the Ninth Circuit decision *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir.2000),

which in turn relied on the decision in *United States v. Doe*, 655 F.2d 920, and in particular its holding that nondisclosure of a party's identify is permissible only in the "unusual case." *Does I Thru XXIII*, 214 F.3d at 1067 (citation omitted).

which involved defrauding the Republic of Kazakhstan, bribing Kazakh officials, and money laundering. *Id.* at 39. Rejecting the defendant's assertion that the Government had authorized this illegal conduct, the court did not even consider whether the fact that Giffen had represented himself as an informant would merit redacting the opinion or concealing Giffen's name.[8]

Redaction of a few sentences in the Report and the July 8, 2009 Opinion would certainly restrict public access to Petitioners case less than would sealing the 2009 Opinion and the Report, or sealing the entire case, and Petitioner therefore does not need to make as compelling a showing of danger to justify such a remedy. But

Petitioner provides so little support for his request that he cannot overcome even a weaker presumption of open access to court documents.[9] Petitioner has not established "good cause" justifying a redaction because he has not made a sufficient showing that he is in danger as a result of a few sentences in the Report and 2009 Opinion that mention his general testimony that he served as an informant. His affidavit, with its general assertion that he may have been an informant and without any detail about the source of any threat he faces, does not support the kind of "specific" findings necessary to seal documents or portions of documents. *Lugosch,* 435 F.3d at 120 (citation omitted).

**8.** A review of decisions rendered by Courts of Appeal and by district courts in this Circuit in which the courts have redacted material from their opinions reveals that such cases present exceptional circumstances, such as details compromising the secrecy of grand jury proceedings, *In re Richard Roe, Inc.,* 68 F.3d 38, 39 n. 1 (2d Cir.1995); the identity of a minor who was the victim of a sexual assault, *United States v. Gavin,* 959 F.2d 788, 792 (9th Cir. 1992), and highly confidential trade secrets, *see New York Times,* 577 F.3d at 410 n. 4. In such cases, "the courts seek to balance the need for transparency in the judiciary with the effective protection of sensitive information." *New York Times,* 577 F.3d at 410 n. 4. In one case involving an informant's motion for a reduction in sentence, where the court had previously sealed certain correspondence between defendant and the court, it "unseal[ed] those portions of the correspondence referred to in this opinion, and redact[ed] even these excerpts as appropriate to ensure the safety of these individuals." *United States v. Gangi,* 881 F.Supp. 820, 824 n. 4 (E.D.N.Y. 1995). Defendant Frank Gangi's testimony had linked the head of an arm of the Bonanno organized crime family to five brutal murders, among other crimes. *Id.* at 821. The court noted that "Gangi's cooperation was extraordinary, more than any other person who's ever appeared before me ... the court has never had before it a defendant whose candor about his own criminal conduct and whose cooperation in the prosecution of others was

as full and complete as that of Frank Gangi." *Id.* at 823. Gangi and his family entered the Witness Protection Program as a result of his cooperation. *Id.* at 824. Even where the danger that Gangi and his family faced was abundantly clear, though, it is worth noting that the court did not redact its description of Gangi's cooperation and the criminal scheme that Gangi revealed. The redactions occur in Gangi's correspondence, which mainly concern the treatment of his family while in the Witness Protection Program. *Id.* at 823–25. *Gangi* demonstrates the care that courts must take when sealing or redacting documents, and the clear showing of danger or privacy interests that has led courts to redact portions of opinions.

**9.** The reference to Petitioner's claim that he is an informant, while peripheral, plays an important role in understanding his petition. The single issue for which the Petitioner was granted a certificate of appealability was his claim that his counsel should have objected to the prosecutor's second summation. 2009 Opinion, 2009 WL 2001439 at *12. The objectionable portions of the summation discussed Petitioner's criminal history and prior plea bargains, suggesting that Petitioner had escaped punishment for past crimes. *Id.* at *9. Any discussion of Petitioner's criminal history and prior plea bargains is necessarily tied to the testimony in which the Petitioner explained that his service as an informant was responsible for his prior convictions. *Id.*

There are two factors that weigh in favor of redaction: the state appellate courts' adoption of an anonymous caption and Petitioner's persistence since 2007 in requesting anonymity. The application that Petitioner's state court counsel made to proceed anonymously and the review given to that application are not part of the federal record. What is known, however, is that in 2002, when Petitioner came to federal court for the first time, he filed his petition under his own name and made no request to proceed anonymously. For whatever reason, his posture changed when Petitioner returned to federal court in 2007. He tried to file a new petition using the caption "*Anonymous v. Fischer*," and has pursued the issue of his anonymity fairly consistently since that time, and vigorously so since the issuance of the Report. As already explained, the record amassed in this federal habeas petition does not justify the relief that Petitioner seeks, or even the re-filing of the Report and the 2009 Opinion with limited redactions. Because this Opinion concerns solely the Petitioner's testimony about his work as an informant and the impact a reference to that testimony may have on his security in prison, however, this Opinion shall be filed under seal and a redacted version shall be filed in the public record.

As *Giffen* demonstrates, courts have disclosed, without objection, the details of purported informants' activities at a far greater level than do the 2009 Opinion or the Report.[10] Petitioner's bald assertion of danger does nothing to illuminate the possible source of any danger connected to what amounts to a vague suggestion, offered by Petitioner himself, that he may have once functioned as an informant.

10. While it does not appear that the parties in *Giffen* moved to seal or redact the opinion, it is nonetheless instructive to note that descriptions of informants' activities are not, as a matter of course, redacted, absent some special showing of danger, as was made in *Gangi* (where the defendant's identity was nonetheless made public).

## CONCLUSION

Petitioner's July 14, 2009 motion to amend the caption, seal the case, and proceed anonymously is denied. Pursuant to the August 3 Order, the Clerk of Court may now accept Petitioner's July 14, 2009 notice of appeal of the 2009 Opinion for filing.

SO ORDERED: