BULSARA, United States Magistrate Judge:
Pro se Plaintiffs have filed a motion to compel seeking the production of communications between counsel for ACS and one or more individual Defendants. As the motion itself suggests these are communications between an attorney and his or her clients; such communications typically are privileged and not discoverable. See United States v. Ghavami , 882 F.Supp.2d 532, 536 (S.D.N.Y. 2012) ("The attorney-client privilege protects from disclosure '(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice.') (quoting In re County of Erie , 473 F.3d 413, 419 (2d Cir. 2007) ); see also Fed. R. Evid. 501 & 502 (recognizing attorney-client privilege and setting out associated *92 rules). Recognizing that a privilege applies to these documents, Plaintiffs argue that an exception to the privilege requires their production. Specifically, they rely on New York Disciplinary Rule 4-101(C)(4). That rule provides that "[a] lawyer may reveal ... [c]onfidences or secrets necessary to establish or collect the lawyer's fee or to defend the lawyer or his or her employees or associates against an accusation of wrongful conduct." 22 NYCRR § 1200.19 (1990).[1]
This exception does not assist Plaintiffs. It is intended to permit attorneys to disclose privileged communications when the attorney has been charged with misconduct by his or her client or to assist in collecting legal fees. This is not such a case. The Plaintiffs stand as a third party-in other words, outsiders-to the attorney-client relationship between ACS counsel and the individual Defendants. ACS counsel has not been accused of misconduct by his clients and is not attempting to collect a fee, which would be necessary for him to divulge the privileged communications. And even if there were such allegations-which there are not-third parties like Plaintiffs would have no entitlement to such documents.
Plaintiffs also refer to the crime-fraud exception as a basis to order the production of documents. "[A] party seeking to invoke the crime-fraud exception must at least demonstrate that there is probable cause to believe that a crime or fraud has been attempted or committed and that the communications were in furtherance thereof." In re Richard Roe, Inc. , 68 F.3d 38, 40 (2d Cir. 1995). Plaintiffs have made various allegations that ACS committed crimes in taking their children away from them. This is insufficient to invoke the crime-fraud exception. "[T]he exception applies only when the court determines that the client communication or attorney work product in question was itself in furtherance of the crime or fraud." Id. (emphasis in original). Plaintiffs have not come forward with anything to suggest that the particular documents over which Defendants have asserted the privilege were themselves used to further the alleged crimes. To the extent they are arguing that these documents were used to perpetuate a crime, those allegations are too conclusory-that is, they are without any specific facts about the documents themselves-and therefore provide an insufficient basis to order the production of the documents. See, e.g., In re Currency Conversion Fee , No. MDL 1409, 2003 WL 22389169, at *6 (S.D.N.Y. Oct. 21, 2003) ("[C]onclusory allegations of criminal or fraudulent intent such as these would not strike a prudent person as constituting a reasonable basis to suspect the perpetration or attempted perpetration of a crime or fraud, or that the communications at issue were in furtherance thereof.... Accordingly, plaintiffs' motion to compel production ... is denied.") (quotations and citation omitted). As a result, there is no basis in this case to compel the production of documents over which Defendants have asserted the attorney-client privilege.
Plaintiffs also contend that the privilege log supplied by Defendants is incomplete and makes it difficult to determine whether *93 the privilege was properly invoked. On this point, Plaintiffs are correct. Defendants privilege log is the antithesis of an adequate privilege log.
Rule 26(b)(5)(A)(ii) requires quite a bit more than what Defendants have provided. See Fed. R. Civ. P. 26(b)(5)(A)(ii) ("When a party withholds information otherwise discoverable by claiming that the information is privileged ..., the party must ... describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that ... will enable other parties to assess the claim."). "To properly demonstrate that a privilege exists, the privilege log should contain a brief description or summary of the contents of the document, the date the document was prepared, the person or persons who prepared the document, the person to whom the document was directed, or for whom the document was prepared, the purpose in preparing the document, the privilege or privileges asserted with respect to the document, and how each element of the privilege is met as to that document." Burns v. Imagine Films Entm't, Inc. , 164 F.R.D. 589, 594 (W.D.N.Y. 1996). These requirements are codified in the Local Rules of this Court. Local Rule 26.2(a)(2)(A) provides that the party asserting privilege in response to a discovery request must identify "(i) the type of document, e.g. , letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other[.]" Loc. Civ. R. 26.2(a)(2)(A).
The deficiencies in Defendants' log are manifold. First, generic assertions that a document was sent to ACS personnel-(see, e.g. , Privilege Log, attached to Mot. to Compel, Dkt. No. 45, at line 2)-do not indicate "the person to whom the document was directed, or for whom the document was prepared[.]" Burns , 164 F.R.D. at 594 ; e.g., Go v. Rockefeller Univ. , 280 F.R.D. 165, 175 (S.D.N.Y. 2012) ("[T]he privilege log is insufficient [to] the extent it fails to identify the identities, titles, and roles of the authors, recipients, and those CC'ed on these communications.") (quotations omitted). Similarly, numerous entries refer to communication between ACS attorney and ACS staff, but those entries do not indicate with whom the communication took place. The "To" column in the log is simply blank for many entries. (See, e.g. , Privilege Log at lines 2-5).
Second , the basis for the assertion of privilege or invocation of the work product protection is inscrutable. Almost all the entries simply state "notes," "internal memorandum," or "communication" related to ACS litigation as the reason for the privilege. For example, Entry No. 1 is simply titled "Notes" and the rationale is "attorney notes related to ACS litigation." (Privilege Log at line 1). This vague, nonspecific description is equivalent to holding up a pile of paper and stating "attorney-client privilege." This "single description used for almost all of the documents listed in the privilege logs is so generic as to be useless." Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC , 319 F.R.D. 100, 106 (S.D.N.Y. 2017). An assertion that "attorney notes relate[ ] to ACS litigation" is too vague for anyone, including this Court, to determine whether the work-product assertion is appropriate. For instance, are these Notes related to this case or another case? Are they interview notes? That a document is related to a litigation, even if prepared by an attorney, does not establish that it is work product. What litigation was it prepared for? What was the document about, i.e. what was the subject matter?
*94 To whom was it sent? Defendants descriptions tell us nothing about the documents themselves or their context and lack the kind of information necessary to evaluate the privilege. In re Grand Jury Subpoena Dated Jan. 4, 1984 , 750 F.2d 223, 224-25 (2d Cir. 1984) ("It is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship, a burden not discharged by mere conclusory or ipse dixit assertions.") (quotations and citations omitted); Norton v. Town of Islip , No. 04-CV-3079, 2017 WL 943927, at *8 (E.D.N.Y. Mar. 9, 2017) ("Even if the documents are core litigation materials, the Federal Rules require parties to describe documents withheld on grounds of privilege to 'enable other parties to assess the claim.' "); e.g. , Norton , 2017 WL 943927, at *9 ("Specifically, although the log touches upon legal matters by listing subject matter of documents as '[d]rafts of legal papers' and 'scheduling and preparation of deposition,' there are also vague references to 'notes,' 'memoranda,' and 'correspondence and other communications.' The entries in the log fail to provide enough information to permit Norton to make an intelligent assessment of whether the documents were created for the purposes of obtaining legal advice, [or] in anticipation of litigation[.]") (citation omitted); Bowne of N.Y.C., Inc. v. AmBase Corp. , 150 F.R.D. 465, 475 (S.D.N.Y. 1993) ("For example, the fourth listed document, dated January 22, 1991, is identified as '[h]andwritten [n]otes' by P.A.M. Shearer. The log does not list any addressee or other recipient and states only that the notes concerned 'Pru-Bache.' Although the work-product rule is invoked, we are not informed whether the notes were prepared in anticipation of litigation or for any other reason. The same type of summary appears as the ninth entry on the page, but since these '[n]otes' by Ms. Shearer are described as 'undated,' we have virtually no clue as to the basis for the claim of work-product protection."). That parties communicated about ACS litigation merely establishes that ACS counsel "participated in communications regarding [the] litigation," but a log is only complete if there is "further particularization of the communications." Gucci Am., Inc. v. Guess?, Inc. , No. 09-CV-4373, 2010 WL 2720015, at *2 (S.D.N.Y. June 29, 2010).
"The failure to provide sufficiently descriptive information in a privilege log may result in a finding that the proponent of the privilege has not satisfied its burden." Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp. , No. 14-CV-4717, 2017 WL 1232526, at *6 (E.D.N.Y. Feb. 17, 2017). Defendants are directed to provide a revised privilege log to Plaintiffs by January 29, 2019 . The log must include information about what particular litigation the document relates-whether to this case or another-and it must "identif[y] each document with as much specificity as is needed to demonstrate that the communication was made for the purpose of obtaining or providing legal services and that the communication was intended to be and was kept confidential, where attorney-client privilege is claimed, or was prepared to assist in anticipated or ongoing litigation, where work product immunity is claimed." Exp.-Imp.Bank of the U.S. v. Asia Pulp & Paper Co. , 232 F.R.D. 103, 111 (S.D.N.Y. 2005). The log must also otherwise comply with Local Rule 26.2.
SO ORDERED.

The New York Disciplinary Rules were replaced by the New York Rules of Professional Conduct in 2009. Disciplinary Rule 4-101 was replaced by the current Rules 1.0, 1.6, and 1.8. See 22 NYCRR § 1200.0 Misc. Table (2009). Rule 1.6 covers the exception on which Plaintiffs rely. See id. R. 1.6(b)(5)(i) ("A lawyer may reveal or use confidential information to the extent that the lawyer reasonably believes necessary ... to defend the lawyer or the lawyer's employees and associates against an accusation of wrongful conduct[.]").