**Clifton A. PHILLIPS Jr.,**
**Plaintiff–Appellant,**

v.

**Roy A. GIRDICH, Superintendent, Upstate Correctional Facility, John J. Donelli, First Deputy Superintendent, Upstate Correctional Facility, A. Boucaud, Deputy Superintendent of Administration, Upstate Correctional Facility, Defendants–Appellees.**

No. 04–0347PR.

United States Court of Appeals, Second Circuit.

Submitted Oct. 21, 2004.

Decided May 17, 2005.

Clifton A. Phillips, Jr., Malone, NY, Plaintiff–Appellant Pro Se.

Before: MESKILL, SACK and B.D. PARKER, Circuit Judges.

MESKILL, Circuit Judge.

We explore the requirements of Federal Rule of Civil Procedure 10(b). Although that Rule contains important guidelines for the form of pleadings in federal court, we hold that harmless violations of the Rule should be excused so that claims may be resolved on their merits.

This appeal concerns a suit brought by a prisoner. Claiming that he was treated unfairly because of his race, he sued his jailers *pro se*. The United States District Court for the Northern District of New York, Hurd, *J.*, deemed the complaint insufficient and dismissed it *sua sponte*. Concluding that the court required too much and that the original complaint more than sufficed, we vacate and remand.

## I.

In August 2003, Clifton A. Phillips, Jr.—incarcerated and uncounseled—sued his jailors under section 1983 of Title 42. Phillips initiated the suit by filling out a form "Inmate Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," made available at the prison to all inmates.

As prompted by the form, Phillips named as defendants the State of New York, the Department of Correctional Services, and certain administrators of the Upstate Correctional Facility in Malone, New York. Phillips also explained that he had exhausted the prison's grievance process and that he had not previously filed any suit relating to his imprisonment. He then described, in more than ten pages of single-spaced handwriting, why he was suing.

At its heart, Phillips' complaint alleged that he was denied "contact visits" and subject to a "pattern of harassment" because of his race. (Phillips is black.) The complaint contained a litany of allegations purporting to demonstrate that black inmates were treated differently than whites vis-à-vis restriction of visitation. For example, Phillips alleged that a white inmate named Gordon was caught receiving marijuana during a visit with his wife. Gordon was punished by being denied visitation with his wife for thirteen months. Another white inmate, Anthony Manasian, was caught receiving heroin during a visit; he lost visits with that visitor only. In contrast, Phillips alleged that he was *never* caught receiving contraband during a visit (although he admits that guards suspected him of it), but that he lost *all* contact visits. Moreover, Deputy Superintendent John Donelli allegedly told Phillips that he was *never* going to get his visits back.

Phillips also made specific allegations demonstrating racial animus. On January 27, 2003, for example, "C.O. La Bare" used an unspecified racial slur against Phillips. On February 20, 2003, "C.O. W. Martin" allegedly told one of Phillips' visitors to "shut her f* * *ing n* * * * * mouth," and referred to her as a "dumb b* * * *." Officer Martin also called Phillips a "dumb n* * * * *." (Expletives omitted).

On the basis of these allegations, Phillips asserted three claims: (1) "systematic harassment" in violation of the Eighth Amendment's prohibition on cruel and unusual punishment; (2) a denial of contact visits in violation of the First Amendment; and (3) race and gender discrimination in violation of the Fourteenth Amendment. Phillips then asked for $5 million in damages and the restoration of contact visits with his wife and children.

One week after Phillips filed his complaint, the district court issued an order *sua sponte* requiring Phillips to re-plead on pain of dismissal. Holding that the complaint failed to comply with the Federal Rules of Civil Procedure, the court noted that Phillips' complaint was "not sequentially paginated," and that his claims were not separated into numbered paragraphs. The court then directed Phillips to file an amended complaint that included "a corresponding number of paragraphs ... for each allegation, with each paragraph specifying [i] the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights." [1]

---

1. The court also dismissed the claims against the State of New York on Eleventh Amendment sovereign immunity grounds, a decision that Phillips does not pursue on appeal.

On September 19, 2003, Phillips filed an amended complaint substantially identical to the initial one, except that the factual allegations were divided into eighteen numbered paragraphs, some spanning several pages. Simultaneously, Phillips filed a motion for appointment of counsel, admitting that he was "not [f]amiliar with filing a 1983 complaint and ... need[ed] professional [a]ssist[a]nce."

On October 2, 2003, the district court struck the amended complaint from the record. Noting the length of the pleading and the existence of several multi-page paragraphs, the court again concluded that Phillips had run afoul of the Federal Rules' pleading requirements. With the same instructions as before, the district court afforded Phillips "one more chance" to re-plead. (Emphasis omitted). The court also denied Phillips' motion for appointment of counsel.

On November 3, 2003, Phillips filed his second amended complaint, this one consisting of ten pages of factual allegations separated into sixteen numbered paragraphs. On November 24, 2003, concluding that the new complaint "fail[ed] to remedy the deficiencies contained in Plaintiff's initial and amended pleadings," the district court ordered the second amended complaint stricken from the record.[2] The court also noted that the second amended complaint failed to contain a caption or to clearly identify the defendants because Phillips had neglected to re-file the pages of his complaint that consisted of the filled-out form. Accordingly, the court dismissed Phillips' suit.

This appeal followed.

## II.

The prohibition on "technical forms of pleading" lies at the heart of our system's approach towards so-called notice pleading. Fed.R.Civ.P. 8(e)(1). Under the Federal Rules, a "short and plain" complaint is sufficient as long as it puts the defendant on notice of the claims against it. Fed.R.Civ.P. 8(a). The Rules then rely on extensive discovery to flesh out the claims and issues in dispute. *See generally Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

We frequently have noted that the pleadings of *pro se* litigants should be "construed liberally," *Tapia–Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir.1999) (per curiam), and should not be dismissed unless "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations," *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir.1997). We also have held that, when reviewing *pro se* submissions, a district court should look at them "with a lenient eye, allowing borderline cases to

---

**2.** Parenthetically, we note that striking the pleadings was both unnecessary and inconvenient. When the district court struck the pleadings, the clerk's office removed them from the docket and case file, replacing them with blank pages reading "DOCUMENT # [X] STRICKEN BY ORDER FILED [DATE]." Phillips' first and second amended complaints were therefore not forwarded to us as part of the record on appeal. Because the amended pleadings were "original papers ... filed in the district court," however, they are properly part of the record. Fed. R.App. P. 10(a)(1). Fortunately, the clerk's office retained copies of the two amended complaints. Had it not, effective appellate review of Phillips' claims would have been frustrated. It would have been sufficient for the district court to have required Phillips to re-plead without striking his pleadings, and it would have made appellate review easier.

proceed." *Fleming v. United States,* 146 F.3d 88, 90 (2d Cir.1998) (per curiam) (internal quotation marks omitted).

In fact, these exhortations are not at all unique to *pro se* cases. *All* complaints must be read liberally; dismissal on the pleadings *never* is warranted unless the plaintiff's allegations are doomed to fail under any available legal theory. *See Warren v. District of Columbia,* 353 F.3d 36, 37 (D.C.Cir.2004); *see also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). But as low as the requirements are for a complaint drafted by competent counsel, we hold *pro se* complaints to an even lower standard. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).

At base, the Rules command us never to exalt form over substance. *See* Fed. R.Civ.P. 8(f). We will therefore excuse technical pleading irregularities as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party. *See, e.g., Wynder v. McMahon,* 360 F.3d 73, 79 (2d Cir.2004); *Kelly v. Schmidberger,* 806 F.2d 44, 46 (2d Cir.1986).

We especially are willing to overlook harmless violations of Rule 10(b), which requires a complaint to contain separate, numbered paragraphs for each averment. *See* Fed.R.Civ.P. 10(b). That rule was designed to "facilitate[ ] the clear presentation of the matters set forth," so that allegations might easily be referenced in subsequent pleadings. *Id.; see also O'Donnell v. Elgin, Joliet & E. Ry. Co.,* 338 U.S. 384, 392 & n. 6, 70 S.Ct. 200, 94 L.Ed. 187 (1949). *See generally* J. Patrick Browne, *Civil Rule 10(b) and the Three Basic Rules of Form Applicable to the Drafting of Documents Used in Civil Litigation,* 8 Cap. U.L.Rev. 199 (1979). Rule 10 should therefore not be read as an exception to the rule against technical

forms of pleading, but as a guideline to ensure that complaints are "simple, concise, and direct." Fed.R.Civ.P. 8(e)(1); *see Conley,* 355 U.S. at 47–48, 78 S.Ct. 99; *cf. Wynder,* 360 F.3d at 77 n. 6.

It follows that, where the absence of numbering or succinct paragraphs does not interfere with one's ability to understand the claims or otherwise prejudice the adverse party, the pleading should be accepted. *See* 2 James Wm. Moore *et al., Moore's Federal Practice* § 10.03[1][a] (3d ed.1997); Browne, *Civil Rule 10(b) and the Three Basic Rules,* 8 Cap. U.L.Rev. at 212; *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.,* 133 F.2d 187, 189 (2d Cir.1943). And even where a violation of Rule 10(b) is not harmless, dismissal is not typically the appropriate course of action. Once a defendant has been served with a complaint that is defective in this way, it should be met with a motion for a more definite statement under Rule 12(e) or a motion to strike under Rule 12(f), rather than a motion to dismiss under Rule 12(b). *See Anderson v. District Bd. of Trustees of Cent. Florida Community College,* 77 F.3d 364, 366–67 (11th Cir.1996); *International Tag & Salesbook Co. v. American Salesbook Co.,* 6 F.R.D. 45, 47 (S.D.N.Y.1943). *Cf.* Ohio R. Civ. P. 10(b) advisory committee's note (noting that the "penalty for failing to separately state and number" as required by Ohio Rule 10(b)—identical to Federal Rule 10(b)—"is a motion to separately state and number"). Although we have never previously addressed violations of Rule 10(b) in this particular context, this has long been the approach taken by courts in this Circuit. *See, e.g., Merrin Jewelry Co. v. St. Paul Fire & Marine Ins. Co.,* 301 F.Supp. 479, 481 (S.D.N.Y. 1969); *Leon v. Hotel & Club Employees Union Local 6,* 26 F.R.D. 158, 159 (S.D.N.Y.1960). *Cf. Hernandez–Avila v. Averill,* 725 F.2d 25, 28 (2d Cir.1984) (af-

firming dismissal of complaint for violations of Rule 10(a) and 11 where such violations "were not mere technical flaws"). *See generally* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1322 (3d ed.2004).

## III.

With these standards in mind, we turn to Phillips' claims. The district court dismissed Phillips' complaint because he failed adequately to separate and number his factual allegations, provide a caption or otherwise "list the Defendant(s) to this action," "clearly state what cause(s) of action he is asserting," or "state his prayer for relief." In fact, Phillips' complaints (all of them) [3] were both complete and comprehensible.

■ We review the district court's dismissal of Phillips' complaint pursuant to Federal Rule of Civil Procedure 41(b) for abuse of discretion. *See Wynder*, 360 F.3d at 76. Whether the district court abused its discretion turns on whether it properly applied Rule 10(b). *See Original Ballet Russe*, 133 F.2d at 188.

## A.

The district court's assertion that Phillips failed to include a caption and to identify the defendants, his "causes of action," and his prayer for relief is simply inaccurate. Phillips' original and first amended complaints—which included the completed form complaint—contained a caption that named the defendants; the body of the complaints then further identified the defendants and gave their addresses. Phillips' first two complaints also contained three clearly enumerated claims and a prayer for relief.

It is true that Phillips' second amended complaint—which consisted of only the handwritten factual allegations—did not include the form pages, which contained the caption, claims, and prayer for relief. But this was surely an inadvertence. This oversight caused no prejudice, as the substance of Phillips' claims never changed.

## B.

■ We turn, then, to those claims; Phillips' complaint contains three. *First*, Phillips alleges that the defendants violated his Eighth and Fourteenth amendment rights by subjecting him to "cruel and unusual punishment," "systematic harassment [a]nd the intentional infliction of emotional distress." *Second*, he claims that the defendants violated his First Amendment rights by denying him visits. *Third*, he alleges that the defendants violated his Fourteenth Amendment rights through their "blatant [d]iscrimination against [him] on the basis of race."

■ The allegations contained in Phillips' complaint support at least some of these claims. To prove a violation of the Equal Protection Clause, for example, a plaintiff must ·demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination. *See Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir.1995). He also must show that the disparity in treatment cannot survive the appropriate level of scrutiny which, in the prison setting, means that he must demonstrate that his treatment was not "reasonably related to [any] legitimate penological interests." *Shaw v. Murphy*, 532 U.S. 223, 225, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001) (internal quotation marks omitted).

---

**3.** The order that dismissed Phillips' suit and from which he appeals pertains to the original complaint. We are primarily concerned with that document, therefore, but address the subsequent pleadings for the sake of completeness.

As detailed above, Phillips' allegations suffice to state an Equal Protection violation. Phillips alleges that he and other minorities were subject to disparate treatment because of their race. Assuming those allegations to be true, as we must, we cannot imagine a legitimate penological reason for the conduct alleged.

In any case, the Rules do not require a plaintiff to plead the legal theory, facts, or elements underlying his claim. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir.2002); *In re Initial Public Offering Secs. Litig.*, 241 F.Supp.2d 281, 323 (S.D.N.Y.2003). This is especially true in the case of *pro se* litigants, who cannot be expected to know all of the legal theories on which they might ultimately recover. It is enough that they allege that they were injured, and that their allegations can conceivably give rise to a viable claim, *See Hishon*, 467 U.S. at 73, 104 S.Ct. 2229; *see also* Fed. R.Civ.P. Forms 4–11 (giving examples of complaints that do not provide explicit legal theories for recovery).

Phillips' allegations give rise to at least a viable Equal Protection claim. We leave it for the district court to determine what other claims, if any, Phillips has raised. In so doing, the court's imagination should be limited only by Phillips' factual allegations, not by the legal claims set out in his pleadings. *See Albert v. Carovano*, 851 F.2d 561, 571 n. 3 (2d Cir.1988) (in banc). (For example, Phillips' complaint could be read to allege a so-called "class of one" Equal Protection violation. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam)).

Although Phillips' allegations were not neatly parsed and included a great deal of irrelevant detail, that is not unusual from a *pro se* litigant. *See Warren*, 353 F.3d at 37–38. As long as his mistakes do not prejudice his opponent, a plaintiff is entitled to trial on even a tenuous legal theory, supported by the thinnest of evidence. To the extent that the court below demanded something more than Phillips provided, it erred. *See Wynder*, 360 F.3d at 80; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988).

## IV.

For these reasons, the judgment of the district court is vacated. The case is remanded for further proceedings.