**Jason M. DAY, Plaintiff,**

**v.**

**Theresa C. LANTZ, et al., Defendants.**

**No. 3:07–CV–388 (RNC).**

United States District Court,
D. Connecticut.

May 24, 2007.

Jason M. Day, Cheshire, CT, pro se.

*Section 1915A    Ruling and Order*

CHATIGNY, District Judge.

Plaintiff, incarcerated and *pro se,* has filed a complaint under 42 U.S.C. § 1983 alleging violations of his federal rights by state employees.

Under 28 U.S.C. § 1915A, the Court must review prisoner complaints against governmental actors "as soon as practicable after docketing," and dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.*

On May 17, 2007, the Court held a videoconference with plaintiff to aid in its review of the complaint under § 1915A. *See Spears v. McCotter,* 766 F.2d 179, 180–81 (5th Cir.1985) (authorizing hearings in prisoner civil cases to clarify the factual and legal bases for the prisoner's claims). The Court now issues the following ruling and order:

## Plaintiff's Allegations [1]

1. Plaintiff suffers from numerous medical ailments including a hernia, which was initially diagnosed in May 2002. The hernia impairs his ability to go to the bathroom and prevents him from exercising, which, in turn, has a worsening effect on his diabetes.

2. Dr. Castro examined plaintiff in 2005 and requested a referral for hernia repair. The request was denied. Plaintiff was given a truss instead.

3. By January 2006, plaintiff's hernia had grown and dropped to such an extent that it was at risk for becoming "strangulated" (i.e. constricted so as to cut off the flow of blood).

4. In June 2006, Dr. Ruiz requested a surgical consultation regarding the hernia. This request was approved on July 5, 2006.

5. On August 14, 2006, plaintiff received a surgical consult at the University of Connecticut Health Center ("UCONN"). The examiner, Dr. Nasir Kahn, recommended repairing the hernia as soon as possible due to the risk of strangulation.[2]

6. Plaintiff informed Dr. Ruiz that he did not trust Dr. Kahn and did not want to have surgery at UCONN and asked to have surgery elsewhere. He also asked that the surgery be done under local anesthesia, rather than general anesthesia, because of his concern about possible complications with general anesthesia, in particular a concern on his part that it could put too much stress on his heart and compromise his ability to breathe and swallow. Dr. Ruiz denied these requests for no good reason.

7. On November 30, 2006, plaintiff wrote to Patricia Ottolini, Director of Health and Addiction Services for the Department of Correction, informing her that he did not want to undergo the surgery at UCONN and did not want to be given general anesthesia due to his heart condition and difficulty swallowing and breathing. His appeal to Ottolini was unavailing.

## Section 1915A Analysis

■ Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pleaded if its factual allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich,* 408 F.3d 124, 130 (2d Cir.2005). The Court must assume the truth of the allegations and interpret them liberally to raise the strongest arguments they suggest. *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir.2007). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation marks omitted).

### I. *Denial of Medical Care*

■ Plaintiff's allegations, liberally construed, are sufficient to state a claim for deliberate indifference to serious medical needs against Drs. Ruiz, Castro, and Kahn and Director Ottolini. Plaintiff alleges that Drs. Castro and Ruiz failed to timely and adequately treat his hernia, thereby allowing it to progress to the point where strangulation is an imminent risk. He also alleges that Drs. Ruiz and Kahn and Director Ottolini are being deliberately indifferent to his medical needs by failing and refusing to repair his hernia unless he

---

1. The alleged facts are drawn from the complaint and accompanying submissions by plaintiff, as well as facts alleged during the § 1915A hearing.

2. Dr. Kahn is a resident at UCONN. Plaintiff's complaint erroneously refers to him as Dr. Nasir Kuau.

consents to have surgery at UCONN under general anesthesia.

## II. *Additional Claims*

■ Liberally construed, plaintiff's complaint can be read to allege claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* (2000), and the Equal Protection Clause of the Fourteenth Amendment. It is clear, however, that any such claims are secondary, if not wholly superfluous. Plaintiff has brought this action to obtain treatment for his hernia, a matter that is fully addressed by his Eighth Amendment claim. There is no need to complicate the case by adding other claims and doing so would likely be counterproductive.

### *Other Matters*

Construed most favorably to the plaintiff, the complaint includes a request for an emergency injunction requiring the defendants to correct his hernia by means of a surgical procedure under local anesthesia at a hospital other than UCONN. Accordingly, defendants Ruiz, Castro, Kahn and Ottolini are hereby ordered to show cause, by a memorandum filed on or before June 22, 2007, why such relief should not be granted.

### *Conclusion*

Pursuant to its review under 28 U.S.C. § 1915A, the Court concludes that plaintiff has stated a cognizable federal claim for deliberate indifference under the Eighth Amendment against Drs. Castro, Ruiz, Kahn and Director Ottolini.

### *Orders*

In accordance with the foregoing analysis, the Court enters the following orders:

(1) This case will proceed solely on the Eighth Amendment and only against defendants Ruiz, Castro, Kahn and Ottolini ("the defendants"). No other claim or defendant will be included in the case, except on a motion to amend filed in compliance with Federal Rule of Civil Procedure 15.

(2) To the extent the complaint purports to allege claims for violation of the Equal Protection Clause and the ADA, any such claims are dismissed without prejudice.

(3) The action is dismissed as against defendants Lantz, Blanchette, Stephenson, and the John Doe defendants.

(4) The Pro Se Office will mail waiver of service of process request packets to defendants Ruiz, Castro, Kahn and Ottolini, within five business days of this order, and report to the Court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Office shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(5) Because plaintiff is seeking injunctive relief against the defendants in their official capacities, the Pro Se Office is directed to forward a summons, a 285 U.S. Marshal form, and a copy of the complaint and this order to the U.S. Marshal who shall serve a copy of the complaint and this order on defendants in their official capacities by delivering the necessary documents in person, or by certified mail, to the Connecticut Attorney General, 55 Elm Street, Hartford, CT 06105, **on or before June 4, 2007.** The U.S. Marshal shall file a return of service with the Court **on or before June 8, 2007.**

(6) The defendants in their official capacities will file, on or before June 22, 2007, a memorandum showing cause why the emergency injunctive relief requested should not be granted.

(7) Defendants will file and serve an answer to the complaint within 60 days of

receiving service of process. The answer will respond to the allegations relevant to the Eighth Amendment claim against them and may include any and all additional defenses permitted by the Federal Rules.

(8) The Pro Se Office will send a courtesy copy of the complaint and this ruling and order to the Department of Correction Legal Affairs Unit.

(9) The Pro Se Office will send written notice to plaintiff of the status of this action, along with a copy of this Order.

So ordered.