10-476-ag
Zheng v. Holder

BIA
Mulligan, IJ
A098 633 117

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand eleven.

PRESENT:
>
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges.*

_____

SHUANG LONG ZHENG,
>
> *Petitioner,*

v.                                          10-476-ag

                                            NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
>
> *Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, New York, NY

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Richard M. Evans, Assistant
                         Director; Kevin J. Conway, Attorney,
                         Office of Immigration Litigation,
                         U.S. Department of Justice,
                         Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shuang Long Zheng, a native and citizen of the People's Republic of China, seeks review of the January 13, 2010, order of the BIA affirming the March 13, 2008, decision of Immigration Judge ("IJ") Thomas J. Mulligan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zheng*, No. A098 633 117 (B.I.A. Jan. 13, 2010), *aff'g* No. A098 633 117 (Immig. Ct. N.Y. City March 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the BIA's and IJ's opinions, including portions of the IJ's decision not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B) (2005); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii) (2009).

The agency reasonably relied on inconsistencies between Zheng's testimony and a letter from Zheng's father, as his father mentioned that only he and his mother were present at the time Zheng was arrested, but Zheng initially testified that only his sister was present at his arrest. Also, the letter did not mention that Zheng was served with a summons by police officers after he left the country, but Zheng submitted a summons as evidence and testified that his father had received and mailed him the summons. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that an adverse credibility determination may be based on "the consistency between the applicant's or witness's written and oral statements . . ., the internal consistency of each such statement, the consistency of such statements with other evidence of record . . ., and any inaccuracies or falsehoods

in such statements . . . ."); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (finding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

In addition, contrary to Zheng's position, the agency's implausibility finding was tethered to record evidence, as Zheng testified that he practiced Falun Gong only privately at home or in his dormitory at school, that only his father ever saw him practice, and that his father never told anyone, but did not offer any explanation when asked how the authorities might have become aware that he practiced Falun Gong. *See Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (upholding an IJ's finding that petitioner's story was inherently implausible when that finding was "tethered to record evidence, and there [was] nothing else in the record from which a firm conviction of error could properly be derived"). The agency also reasonably relied on Zheng's demeanor in supporting its adverse credibility determination, as the IJ noted that Zheng often looked to the IJ's reactions to his answers, that questions sometimes had to be asked multiple times, that answers often had to be forced out of him, and that his answers were not always

4

responsive to the questions posed, and cited specific examples of Zheng's demeanor during inconsistent testimony. *See Li Zu Guan v. I.N.S.*, 453 F.3d 129, 140 (2d Cir. 2006) (stating that demeanor is "paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate"); *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir. 2006) (noting that the Court "can be . . . more confident in [its] review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony").

Finally, we need not reach the issue of the agency's reliance on a false statement that Zheng made to an immigration officer in order to secure entry into the United States because the agency articulated alternate and sufficient bases, discussed above, for its adverse credibility determination. *See Lin*, 453 F.3d at 107-11 (holding that remand is not required where we can confidently predict that "the agency would reach the same result" absent the alleged error).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

5

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk