Mishtaku v. Espada

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand sixteen.

PRESENT:   PIERRE N. LEVAL,
                    RAYMOND J. LOHIER, JR.,
                              *Circuit Judges*,
                    JOHN G. KOELTL,
                              *District Judge.**

------------------------------------------------------------------

MARTIN MISHTAKU,
                              *Plaintiff-Appellant*,

                    v.                                        No. 15-2265

OFFICER CINDY ESPADA, SERGEANT ANTHONY
ESPOSITO, DEPUTY INSPECTOR
ANDREW LUNETTA, DIRECTOR THOMAS M.
PRASSO, POLICE DEPARTMENT LICENSE
DIVISION, CITY OF NEW YORK,

                              *Defendants-Appellees.*

------------------------------------------------------------------

* The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:        MARTIN MISHTAKU, *pro se*, Flushing, NY.

FOR DEFENDANTS-APPELLEES:        ELIZABETH I. FREEDMAN, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-appellant Martin Mishtaku, proceeding pro se, appeals the District Court's judgment dismissing his complaint, which asserted violations of the Second Amendment and the Equal Protection Clause. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the District Court's grant of a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) de novo, accepting all of Mishtaku's allegations as true. Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012).

We apply intermediate scrutiny to "laws implicating the Second Amendment." N.Y. State Rifle & Pistol Ass'n, Inc. v. Cuomo, 804 F.3d 242, 260–61 (2d Cir. 2015), cert. denied sub nom. Shew v. Malloy, 136 S. Ct. 2486 (2016). Section 400.00 of the New York Penal Law requires that an applicant for a "license[] to carry, possess, repair and dispose of [a] firearm[]" be "of good moral character," and Title 38 § 5-10 of the Rules of the City of New York states that "an application for a handgun license may be denied" when "[t]he applicant has been arrested . . . or is reasonably believed to have a disability or condition that may affect the ability to safely possess or use a handgun, including . . . mental illness." In District of Columbia v. Heller, the Supreme Court cautioned that

2

"nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill," describing such regulations as "presumptively lawful regulatory measures." 554 U.S. 570, 626 & n.26 (2008). Here, the challenged regulations satisfy intermediate scrutiny because "New York has substantial, indeed compelling, governmental interests in public safety and crime prevention," Kachalsky v. County of Westchester, 701 F.3d 81, 97 (2d Cir. 2012), and the challenged regulations are substantially related to those important interests. We therefore agree with the District Court that the challenged regulations do not violate the Second Amendment.

"To prove a violation of the Equal Protection Clause . . . a plaintiff must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination." Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005). We agree with the District Court that Mishtaku failed to allege how defendants-appellees treated him differently than other similarly-situated individuals and therefore failed to state an equal protection claim. See id. at 129.

Finally, we conclude that the District Court did not err in declining to exercise supplemental jurisdiction over state-law claims brought under Article 78 of the New York Civil Practice Law and Rules. See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639–40 (2009).

We have considered all of Mishtaku's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3