15-3357-cv
*Shariff v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the  day of 26th of April, two thousand and seventeen.

Present:
        PETER W. HALL,
        DENNY CHIN,
                *Circuit Judges*,
        LaSHANN DeARCY HALL,*
                *District Judge*.

---

ABBAS SHARIFF,

                *Plaintiff-Appellant*,

        v.                                                                                    15-3357-cv

UNITED STATES,

                *Defendant-Appellee*.†

---

For Appellant:                ANJALI S. DALAL (Robert Loeb, Washington D.C., Brian P
                              Goldman, San Francisco, CA, *on the brief*), Orrick,
                              Herrington & Sutcliffe LLP, New York, New York.

---

* Judge LaShann DeArcy Hall, United States District Court for the Eastern District of New York, sitting by designation.

† The Clerk is respectfully directed to amend the caption to conform with the above.

1

For Appellees:                     CATHERINE H. DORSEY (Benjamin C. Mizer, Principal
                                   Deputy Assistant Attorney General, Barbara L. Herwig,
                                   *on the brief*), United States Department of Justice,
                                   Washington, D.C.

---

Appeal from an order of the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order is **VACATED**, and the case is **REMANDED** for further proceedings not inconsistent with this order.

Plaintiff-Appellant Abbas Shariff appeals from the district court's *sua sponte* dismissal of his amended complaint pursuant to 28 U.S.C. § 1915(e). Shariff first argues that the district court erred by dismissing his complaint with prejudice for failure to conform the caption with the requirements of Federal Rule of Civil Procedure 10. Second, Shariff contends that the district court (and this Court via a motions panel) erred by dismissing his tort claims with prejudice for failure to exhaust administrative remedies. We assume the parties' familiarity with the underlying facts, the procedural history, the district court's rulings, and the arguments presented on appeal.

We review *de novo* a district court's *sua sponte* dismissal of a *pro se* complaint. *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir. 2001). We conclude that the district court erred in dismissing Shariff's complaint based on infirmities in the caption.

Federal Rule of Civil Procedure 10(a) provides: "Every pleading must have a caption . . . [and] [t]he title of the complaint must name all the parties." Rule 10 is, of course, subject to the command "never to exalt form over substance." *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005). Indeed, we "excuse technical pleading irregularities as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party." *Id.*

*Pro se* pleadings, like Shariff's amended complaint here, warrant especially liberal construction and should not be dismissed unless "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997). Casting a "lenient eye" on *pro se* pleadings, *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998) (per curiam), and heeding our admonition that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities," *United States v. Schwimmer*, 968 F.2d 1570, 1575 (2d Cir. 1992), we are compelled to vacate the district court's order here.

Upon dismissing Shariff's original complaint without prejudice, the district court rightly instructed him that he must identify in the caption the people he intended to sue. Because it appears that Shariff made a good faith effort to do just that when he bolded a list of names and inserted it at the bottom of the amended complaint, our flexible construction of *pro se* pleadings leads us to conclude that

3

Shariff must be given further opportunity to conform the caption with Rule 10's requirements.

Shariff also argues that the motions panel erred by summarily affirming the dismissal of his tort claims with prejudice for failure to exhaust administrative remedies. Shariff acknowledges that he failed to exhaust those remedies and that that failure is jurisdictional. *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). We recognize, however, that "[f]ailure to exhaust administrative remedies is often a temporary, curable procedural flaw[,]" *Snider v. Melindez*, 199 F.3d 108, 111 (2d Cir. 1999), and that Shariff was *pro se* below. For that reason, we also vacate the district court's dismissal with prejudice of the tort claims. On remand, the district court should dismiss them without prejudice, thus permitting Shariff to make any appropriate equitable tolling argument he chooses to advance. To the extent that the motions panel order of January 7, 2016 conflicts with this order, it is vacated.

Accordingly, the district court's order is **VACATED**, and the case is **REMANDED** for further proceedings not inconsistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4