Controlled Air, Inc. v. Barr

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of October, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             WILLIAM J. NARDINI,
                  *Circuit Judges*.

───────────────────────────────────────────

CONTROLLED AIR, INC., KRISHNENDU MUKHERJEE,

                  *Plaintiffs-Appellants*,

          v.                                          20-780-cv

WILLIAM P. BARR, ATTORNEY GENERAL,
LAURA B. ZUCHOWSKI, DIRECTOR, UNITED STATES
CITIZENS AND IMMIGRATION SERVICES-VERMONT
SERVICE CENTER,

                  *Defendants-Appellees*.[1]

───────────────────────────────────────────

Appearing for Appellant:     Glenn L. Formica, New Haven, CT.

Appearing for Appellee:      Joshua S. Press, Trial Attorney, Civil Division, United States
                             Department of Justice (Jeffrey Clark, Acting Assistant Attorney
                             General, William C. Peachey, Director, Aaron S. Goldsmith,
                             Senior Litigation Counsel, *on the brief*), Washington, DC.

───────────────────────

[1] The Clerk of Court is directed to amend the caption as above.

Appeal from the United States District Court for the District of Connecticut (Arterton, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

        Controlled Air, Inc. and Krishnendu Mukerjee (collectively, "Controlled Air") appeal from the March 3, 2020 judgment of the United States District Court for the District of Connecticut (Arterton, *J.*) dismissing their complaint challenging a denial by U.S. Citizenship and Immigration Services ("USCIS") of a nonimmigrant highly skilled work visa under 8 U.S.C. § 1101(a)(15)(H)(i)(b) ("H-1B visa") for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

        Controlled Air provides heating and cooling services. Krishnendu Mukherjee is a citizen of India and a prospective employee of Controlled Air, who at the time of the district court's decision, was in the United States on a student visa and in a training program at Controlled Air, which sought an H-1B visa for him to work after his training. USCIS denied Controlled Air's application for an H-1B visa for Mukherjee because the application listed a start date of employment that fell withing the prior fiscal year for which visas had already been awarded. Controlled Air sued, alleging that USCIS erred because the start date had to correspond to the date on the Labor Condition Application ("LCA") that Controlled Air had previously filed with the Department of Labor. Controlled Air argued that the denial violated the Administrative Procedure Act ("APA") and the equal protection guarantee under the Fifth Amendment and asked the district court to declare that Controlled Air satisfied the requirements for an H-1B visa and to order USCIS to re-adjudicate the visa petition**.**

        "We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." *Coal. for Competitive Elec., Dynergy Inc. v. Zibelman*, 906 F.3d 41, 48-49 (2d Cir. 2018) (internal quotation marks and formatting omitted).

        The district court did not err in dismissing Controlled Air's APA claim because it was neither arbitrary nor capricious for USCIS to deny an H-1B petition for the 2020 fiscal year that indicated a start date during the 2019 fiscal year. *See* 5 U.S.C. § 706(2)(A) (Under the APA, we must "hold unlawful" any agency decision that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"); *see also Karpova v. Snow*, 497 F.3d 262, 267-68 (2d Cir. 2007) (noting that the arbitrary and capricious standard of review is "narrow" and deferential to the agency). The regulations provide that an H1-B petition "may not be filed earlier than 6 months before the date of actual need for the beneficiary's services or training." 8 C.F.R. § 214.2(h)(2)(i)(I). As the district court noted, this means that the earliest an employer may file for an H1-B for the following fiscal year (starting October 1) is April 1 of the preceding fiscal year. April 1, then, is the beginning of the H-1B petition season each year, and if an employer submits a petition that day, it must list a proposed start date of October 1. USCIS's optional checklist and online guidance for the H-1B fiscal year 2020 petition season stated that the start date must be October 1, 2019.

Here, Controlled Air listed an August 2019 start date for Mukherjee, and it argued that it was required to match a previously filed LCA with the Department of Labor that indicated that it needed a technician starting that month. However, as the district court found, neither the statute, regulations, nor guidance dictates that the date must be the same. Controlled Air's argument that using different start dates on the H-1B petition and LCA would require it to commit perjury is meritless. The LCA is a prerequisite to the H-1B petition, but addresses a different issue: the LCA seeks information about when the employer will have a need to fill a position, while the H-1B petition seeks information about a specific beneficiary for the upcoming fiscal year. There is no requirement that the H-1B start date match that of the LCA.

Nor are we persuaded by Controlled Air's arguments that USCIS's online instructions and checklists were improper regulations that did not go through the proper notice and comment periods. Regardless of the online guidance that petitioners should not indicate a start date before October 1, the regulations require USCIS to limit H-1B petitions pursuant to a congressionally mandated cap per fiscal year. Controlled Air submitted a petition with a start date during the 2019 fiscal year, after USCIS had stopped accepting such petitions for that year. The 2019 fiscal year filing period began on April 1, 2018, and the yearly numerical limit on H-1B petitions was reached on April 6, 2018. As to the online USCIS guidance, the APA exempts from its notice and comment requirements "interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. § 553(b)(A). The notice and comment procedure is necessary only when an agency seeks to establish substantive legal rules. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 301-02 (1979). USCIS's online guidance provided "interpretive" examples of its controlling regulations, and as the district court found, did "nothing more than explain how USCIS applies the regulations governing the H-1B filing process." App'x at 14 n.3; *see Azar v. Allina Health Servs.*, 139 S. Ct. 1804, 1811 (2019) ("Under the APA, substantive rules are those that have the force and effect of law, while interpretive rules are those that merely advise the public of the agency's construction of the statutes and rules which it administers.").

Controlled Air next argues that the regulatory scheme is ambiguous and USCIS's interpretation of it is not entitled to deference; the district court disagreed. The Government argues that the scheme is clear that petitions for employment during the incorrect fiscal year will be denied, but even assuming that the regulations are ambiguous, we should defer to USCIS's interpretation. When an agency interprets its own genuinely ambiguous regulations, we defer to that interpretation if it is reasonable and "reflect[s] an agency's authoritative, expertise-based, fair, or considered judgment." *Kisor v. Wilkie*, 139 S. Ct. 2400, 2414 (2019) (internal quotation marks and alterations omitted). Here, as the district court correctly found, the regulations are ambiguous as they do not state whether an employer can submit a petition for the prior fiscal year during the application season for the upcoming fiscal year. *See* 8 U.S.C. § 1184(g)(l)(A)(vii) ("The total number of aliens who may be issued [H-1B] visas or otherwise provided nonimmigrant status during any fiscal year . . . may not exceed . . . 65,000."); *see also* 8 C.F.R. § 214.2(h)(8)(i)(A) (restating cap in 8 U.S.C. § 1184(g)(l)(A)(vii)); *id.* § 214.2(h)(2)(i)(I) (providing that an H-1B petition "may not be filed earlier than 6 months before the date of actual need for the beneficiary's services or training"). USCIS's online guidance for fiscal year 2020 petitions stating that the employment start date must be October 1, 2019 is a fair interpretation of the regulations given that USCIS must comply with the congressionally mandated yearly cap.

Accordingly, the district court correctly found that USCIS's denial of Controlled Air's petition was neither arbitrary nor capricious.[2]

Controlled Air also challenges the district court's dismissal of its Fifth Amendment claim, arguing that it was treated differently than other corporations and required to "meet a higher standard of eligibility for classification of an H1B worker." App'x at 83. "To prove a violation of the Equal Protection Clause, . . . a plaintiff must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination." *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005). Controlled Air failed in its complaint to identify any other company that was treated differently, i.e., a company whose application was accepted despite identifying an employment date before October 1, 2019. *See Hu v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019) (noting that a petitioner bringing an equal protection claim as a "class of one" must identify a "comparator" (internal quotation marks omitted)). It argues on appeal that discovery would have allowed it to find such an entity. But "[a] plaintiff who has failed adequately to state a claim is not entitled to discovery." *Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016). We find no error with the district court's dismissal of its Fifth Amendment claim.

We have considered the remainder of Controlled Air's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

[2] As the Government explains in its brief, *see* Appellees' br. at 10 n.11, the H-1B application process was substantially revised for fiscal year 2021. In relevant part, the Department of Homeland Security ("DHS") issued a final rule explaining that a "petitioner will be able to register prior to April 1, then if selected, may request the certification of an LCA by [the Department of Labor ("DOL")] prior to filing an H-1B petition. As noted above, petitioners will have at least 90 days to file days to file [an H-1B] petition . . . . Therefore, petitioners could choose to submit an LCA to DOL on or after April 1, which would allow for an LCA validity period beginning October 1." 84 Fed. Reg. 888, 912 (Jan. 31, 2019). DHS has also updated its regulations to explain that a petitioner must include October 1 as the requested employment start date on Form 1-129."