**GUARDIANS ASSOCIATION OF THE POLICE DEPARTMENT OF NEW YORK, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, Defendant–Appellee.**

**No. 04–3888–CV.**

United States Court of Appeals, Second Circuit.

June 3, 2005.

---

* The Honorable Frederic Block of the Eastern District of New York, sitting by designation.

Robert David Goodstein (Eileen West, on the brief), Goodstein & West, New Rochelle, NY, for Appellant.

Karen M. Griffin, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, Francis F. Caputo, William S.J. Fraenkel, on the brief), New York, NY, for Appellee, of counsel.

Present: OAKES, KEARSE, and POOLER, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant ("Guardians") appeals from an order of the district court awarding appellant attorneys' fees in the amount of $19,844.30. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review a district court's award of attorneys' fees under 42 U.S.C. § 2000e–5(k) for abuse of discretion. *Farias v. Instructional Sys., Inc.,* 259 F.3d 91, 103 (2d Cir.2001).

Guardians argues that the district court abused its discretion by reducing the attorneys' claim of some 314 hours of work by 80%. However, excessive, redundant, or unnecessary hours are to be excluded from a fees award, and a district court may apply a reasonable percentage reduction as a practical shortcut to do so. *Kirsch v. Fleet St., Ltd.* 148 F.3d 149, 173 (2d Cir. 1998). The present litigation appears to have involved only the filing of a complaint and an amended complaint, opposition to a motion to consolidate with another case, some preliminary discovery and interrogatory issues, a settlement, and a fee application. Furthermore, language in the amended complaint was drawn largely from a complaint in a factually related case. We have previously held that a claim of 302 hours was facially excessive for a case that, although simple, actually went to trial. *DiFilippo v. Morizio,* 759 F.2d 231, 235–36 (2d Cir.1985).

Furthermore, the contemporaneous time records of attorney David Goodstein are seriously deficient due to vagueness, and the records of attorney Bonita Zelman are also deficient, though not to the same degree. *Cf. Kirsch,* 148 F.3d at 172–73. Only the records of attorney Paula Johnson Kelly are arguably sufficient.

Finally, it is customary among district courts of this circuit to apply substantial reductions to time spent in travel or performing clerical tasks. *See, e.g., Wilder v. Bernstein,* 975 F.Supp. 276, 283, 285 (S.D.N.Y.1997).

We note that the 80% reduction applied by the district court is unusually large. Furthermore, explanation of exactly how the district court used the above factors to arrive at the 80% figure in particular would have been useful. *Cf. Savino v. Computer Credit, Inc.,* 164 F.3d 81, 87–88 (2d Cir.1998). Nonetheless, we hold that, on the facts presented by this case, the 80% reduction was within the range of the broad discretion committed to the district court.

For the above reasons, we affirm the judgment of the district court.