15-3909-cv
*Spring v. Allegany-Limestone Central Sch. Dist.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand sixteen.

PRESENT:  RICHARD C. WESLEY,
          DEBRA ANN LIVINGSTON,
          GERARD E. LYNCH,
                    *Circuit Judges.*

———————————————

KERI SPRING, EUGENE SPRING,
JULIANNE SPRING, EUGENE SPRING
AND KERI SPRING, on behalf of Gregory
Spring, KERI SPRING, as the duly
appointed administrator of the estate of
Gregory Spring,

                    *Plaintiffs-Appellants,*


          -v.-                                    No. 15-3909


ALLEGANY-LIMESTONE CENTRAL
SCHOOL DISTRICT, THE BOARD OF
EDUCATION OF THE ALLEGANY-

1

LIMESTONE CENTRAL SCHOOL DISTRICT, KAREN GEELAN, Superintendent, JOE ZIMMER, President, PHIL QUINLIN, Vice President, MATTHEW KAHM, Member, JEFF BLACK, Member, DAVID FARRELL, Member, JAY KING, Member, KIM PALMER, Member, SUE SCHIFLEY, Member, MAGGIE NUSS, Member, KEVIN STRAUB, Principal, DIANE LOWRY, Teacher Assistant, ERIC HEMPHILL, Teacher/Coach, CHRISTOPHER KENYON, Teacher/Coach, JOHN WOLFGANG, Psychologist, ROBERT DECKER, Psychologist, all in their individual and official capacity, MICHAEL EASTON, and JACOB ROWE,

*Defendants-Appellees*,

JOHN DOE(S), JANE DOE, administrators, representatives, agents, employees, and servants of the Allegany-Limestone Central School District, JOHN DOE(S), JANE DOE, students of the Allegany-Limestone High School,

*Defendants*.

_____

2

| | |
|---|---|
| FOR APPELLANTS: | DANIEL FLYNN (A.J. Bosman, *on the brief*), Bosman Law Firm, L.L.C., Canastota, NY. |
| FOR APPELLEES ALLEGANY-LIMESTONE CENTRAL SCHOOL DISTRICT, THE BOARD OF EDUCATION OF THE ALLEGANY-LIMESTONE CENTRAL SCHOOL DISTRICT, KAREN GEELAN, JOE ZIMMER, PHIL QUINLAN, MATTHEW KAHM, JEFF BLACK, DAVID FARRELL, JAY KING, KIM PALMER, SUE SCHIFLEY, MAGGIE NUSS, KEVIN STRAUB, ERIC HEMPHILL, CHRISTOPHER KENYON, JOHN WOLFGANG AND ROBERT DECKER: | JENNA W. KLUCSIK, Sugarman Law Firm, LLP, Syracuse, NY. |
| FOR APPELLEE DIANE LOWRY: | AIMÉE LAFEVER KOCH, Osborn, Reed & Burke, LLP, Rochester, NY. |

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the orders and judgment of the District

Court are **AFFIRMED** in part and **VACATED** in part, and the case is

**REMANDED** for further proceedings.

Plaintiffs-Appellants Keri, Eugene, and Julianne Spring appeal from several orders and a judgment of the United States District Court for the Western District of New York (Skretny, *J.*), which together granted a motion to dismiss their claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; the Rehabilitation Act, 29 U.S.C. § 794(a); 42 U.S.C. § 1983, based on alleged violations of the First Amendment, as well as the Due Process and Equal Protection Clauses of the Fourteenth Amendment; the New York Constitution, the New York Civil Rights Law; and New York common law; and further denied leave to amend with respect to the ADA and Rehabilitation Act claims.  Plaintiffs filed their lawsuit against the defendants in this case after the tragic suicide of their son and brother, Gregory Spring, a seventeen-year-old boy with disabilities. We assume the parties' familiarity with the underlying facts and the procedural history, which we reference only as necessary to explain our conclusions.

First, with respect to the District Court's denial of leave to amend the pleadings, we review such denials for abuse of discretion, while keeping in mind the balance between the federal rules' liberal policy towards amendment and a court's interest in finality.  *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).  A district

court necessarily abuses its discretion "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 n.2 (2014) (internal quotation marks omitted). The District Court dismissed Plaintiffs' ADA and Rehabilitation Act claims on the ground that the complaint failed to allege adequately that Gregory's named conditions susbtantially limited him in a major life activity and further determined that the proposed amendments to the complaint failed to cure this defect. We conclude that in holding that the proposed amendments did not allege a qualifying disability through specific facts about Gregory, App. 208–09, the District Court clearly misconstrued the amended pleadings and misapplied the law. The proposed second amended complaint explicitly identified the effects of Gregory's conditions on his major life activities of, *inter alia*, "speaking," "learning," "concentrating," and "communicating," identifying "a long-standing record of suffering with a variety of motor and vocal tics" with a specific list of examples including "outbursts," "involuntary knee slapping and eye blinking tics," "repetitive utterance of foul language," and "repetitive questioning." App. 186. It further alleged that the effects intensified "during periods of stress or unfamiliar settings or situations" and that his disabilities

"substantially limited his ability to communicate" because "he was unable to recognize emotions communicated by tone of voice and misunderstanding of social cues." App. 185–86. Taken together, the proposed amendments alleged sufficient facts to make plausible that the impact on Gregory's learning ability, which also prompted a need for special education services, constituted a substantial limitation. On the facts alleged, therefore, we conclude that these proposed amendments would have sufficed to meet the requirements of a qualifying disability, particularly given the ADA Amendments Act of 2008's significant relaxation of the standard for substantial limits on major life activities. *See, e.g.*, *Parada v. Banco Industrial de Venezuela, C.A.*, 753 F.3d 62, 68 & n.3 (2d Cir. 2014). Accordingly, we vacate the District Court's denial of leave to amend and so much of the judgment as dismissed Plaintiffs' ADA and Rehabilitation Act claims.

We affirm the District Court's dismissal of Plaintiffs' substantive due process claims but for different reasons than those articulated below. *See Blackman v. N.Y.C. Transit Auth.*, 491 F.3d 95, 100 (2d Cir. 2007) ("We may, of course, affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district

6

court." (internal quotation marks omitted)). A violation of substantive due process rights requires that the official conduct in question be "'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 431 (2d Cir. 2007) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)). In situations in which time for deliberation is available to the official, we apply a "deliberate indifference" standard, which requires demonstration of a "willful disregard" of the "obvious risks," "serious implications," and "likelihood" of harm. *Id.* at 432. Even assuming that Plaintiffs' allegations suffice to show that individual defendants' conduct amounted to a state-created danger, *see id.* at 428–29, there are no facts alleged from which we can plausibly infer that any individual defendant had actual knowledge of yet disregarded an obvious or excessive risk of Gregory's suicide, *see id.* at 432 (applying the Eighth Amendment deliberate indifference requirement that the official both "'know[] of and disregard[] an excessive risk'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). In order to state a claim, factual allegations must be more than "'merely consistent with'" the defendant's liability and instead make it "more than a sheer possibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

7

U.S. 544, 554 (2007)). We are unable to conclude that the Plaintiffs' allegations meet that requirement with respect to any defendant's deliberate indifference and must therefore affirm the District Court's dismissal of the substantive due process claims.

We also affirm the District Court's dismissal of Plaintiffs' equal protection claims. Plaintiffs first allege that Defendants subjected Gregory to disparate treatment. Such claims require plaintiffs to show that the person "was treated differently than others similarly situated as a result of intentional or purposeful discrimination." *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2009). The first amended complaint contains no allegations regarding disparate treatment between Gregory and similarly situated students; for example, although it refers to Gregory's suspension, it contains no factual allegations that non-disabled students who also physically responded to bullying were not punished nor that Gregory's bullies committed similar physical acts but were left unpunished. The absence of such allegations render us unable to make a plausible inference that Gregory was selectively treated on the basis of his disability or, as is also required, that such treatment was irrational. *See id.* (noting that disparate treatment must fail "the appropriate level of scrutiny" applicable to the equal

8

protection claim); *Suffolk Parents of Handicapped Adults v. Wingate*, 101 F.3d 818, 824 n.4 (2d Cir. 1996) (holding that disparate treatment based on disability is subject to rational basis review).

Plaintiffs also allege that Defendants were deliberately indifferent to Gregory's harassment. The factual allegations are insufficient to establish deliberate indifference of the kind we have required in the context of racial or sexual harassment in schools. *See, e.g.*, *Gant ex rel. Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134, 141 (2d Cir. 1999) (requiring "defendant's response to known discrimination '[to be] clearly unreasonable in light of the known circumstances'" (quoting *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648 (1999)).

With respect to the retaliation claims, *Monell* liability claims, and state constitutional claims, we affirm for substantially the reasons stated by the District Court. With respect to the state statutory and common-law claims, we vacate the order and judgment of the District Court for consideration of whether supplemental jurisdiction over them should be exercised in light of our remand of the ADA and Rehabilitation Act claims. We have considered all of Plaintiffs' remaining arguments and conclude that none warrant further vacatur. Accordingly, the District Court's order denying leave to amend the complaint

with respect to Plaintiffs' ADA and Rehabilitation Act claims, its order declining to exercise supplemental jurisdiction over the state statutory and common-law claims, and the corresponding portions of the judgment are **VACATED**, while the remainder of the orders and judgment is **AFFIRMED**. The case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

10