23-7821, 24-1926
*Spring v. Allegany-Limestone Central School District*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> RICHARD C. WESLEY,
> > *Circuit Judge*,
> BRENDA K. SANNES,
> > *District Judge*.[*]

_____

KERI SPRING, on behalf of Gregory Spring and as the duly appointed administrator of The Estate of Gregory Spring; EUGENE SPRING, on behalf of Gregory Spring, JULIANNE SPRING,

> *Plaintiffs-Appellees*,

v.                                                                 23-7821, 24-1926

ALLEGANY-LIMESTONE CENTRAL SCHOOL DISTRICT; THE BOARD OF EDUCATION OF THE ALLEGANY-LIMESTONE CENTRAL SCHOOL DISTRICT, KEVIN STRAUB, Principal,

---

[*] Chief Judge Brenda K. Sannes, of the United States District Court for the Northern District of New York, sitting by designation.

*Defendants-Appellants.*[**]

---

For Plaintiffs-Appellees:     A.J. BOSMAN (Robert Strum, *on the brief*), Bosman Law Firm, L.L.C., Blossvale, NY; Stephen Bergstein, Bergstein & Ullrich, New Palz, NY.

For Defendants-Appellants:     MARINA MURRAY, Sugarman Law Firm LLP, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Sinatra, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED AND REMANDED** in part.

Defendants-Appellants Allegany-Limestone Central School District, the Board of Education of Allegany-Limestone Central School District, and Kevin Straub ("Allegany-Limestone"), appeal a final judgment entered by the United States District Court of the Western District of New York (Sinatra, J.), denying their motion for a new trial and motion for judgment as a matter of law. Plaintiffs-Appellees Keri Spring, on behalf of, and as administrator of The Estate of Gregory Spring, Eugene Spring, and Julianne Spring (the "Springs") cross-appeal the district court's judgment reducing their attorney's fees by 80%. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, referencing only what is necessary to explain our decision to **AFFIRM** in part and **VACATE** and **REMAND** in part.

I.     **Allegany-Limestone's Post-Trial Motions**

We review a district court's denial of judgment as a matter of law *de novo*, construing all facts and inferences in favor of the nonmoving party. *Palin v. New York Times Co.*, 113 F.4th

---

[**] The Clerk is respectfully directed to amend the caption.

2

245, 263 (2d Cir. 2024). We may grant such judgment if we determine "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). Allegany-Limestone contends that the evidence was insufficient to find that Gregory Spring was disabled under the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and that it discriminated against Gregory by reason of his disability. We disagree.

Title II of the ADA prohibits a public entity from discriminating against an individual "by reason of" disability. 42 U.S.C. § 12132. The Rehabilitation Act similarly prohibits programs receiving federal financial assistance from discriminating "solely by reason of" disability. 29 U.S.C. § 794(a). An individual is disabled under the ADA and Rehabilitation Act if they have "a physical or mental impairment that substantially limits one or more major life activities," "a record of such an impairment," or are "regarded as having such an impairment." 42 U.S.C. § 12102(1); *B.C. v. Mount Vernon Sch. Dist.*, 837 F.3d 152, 158, 159 (2d Cir. 2016) (explaining that the Rehabilitation Act incorporates the ADA definition of disability). Major life activities include, *inter alia*, speaking, concentrating, and communicating. 42 U.S.C. § 12102(2)(A). Here, the parties agree that an entity subject to the ADA and Rehabilitation Act discriminates against an individual with a disability when the disability is a "motivating factor" in adverse treatment.[1]

There was legally sufficient evidence for the jury to find Gregory Spring disabled under

---

Thus, for the purpose of resolving this appeal, we assume—without deciding—that this is correct. *But see Natofsky v. City of New York*, 921 F.3d 337, 348 (2d Cir. 2019) (rejecting the motivating factor test in favor of a "but-for" causation standard under Title I of the ADA); *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 49 (2d Cir. 2002) (explaining that the Rehabilitation Act requires a higher causal showing than the ADA).

the ADA and Rehabilitation Act. Witnesses at trial explained that Gregory had Tourette's and Callosum Dysgenesis, conditions that restricted his ability to process information, "put his thoughts into words," and speak. A-617–18. When Gregory did speak, verbal tics, such as repeating the "f" word, interrupted and distracted him. These conditions also inhibited Gregory's ability to control and articulate his emotions. When Gregory was trying to get a word out, process what was going on, or respond to authority, he became anxious and upset. His tics would worsen, or he would "impulsive[ly] act[]," A-341; A-180, such as by getting into a "verbal confrontation" with someone, A-182. Based on this testimony, a jury could conclude that Gregory's conditions substantially limited his ability to communicate. *Wright v. Memphis Light, Gas & Water Div.*, 558 F. App'x 548, 550 (6th Cir. 2014) (noting stutter, which occurred when the plaintiff was nervous, substantially limited his ability to speak and communicate).

We also find ample evidence indicating that Allegany-Limestone discriminated against Gregory. At trial, the jury learned that Gregory was caught kicking another student as part of a "game." When confronted by the coach, Gregory said the "f" word and told the coach to "suck it." A-1244. The coach admitted to removing Gregory from the team for "what he said" and "the way he acted after he kicked the other student." A-1251, 1263. Gregory's mother had previously warned the coach and administrators of this exact behavior. She explained that Gregory's Tourette's, "which included foul language along with many other repeating phrases," was "not something that he can control" and that Gregory "can be easily angered . . . . when he feels cornered, bullied, or pointed out in front of the class." A-1505; *see also* A-1351 (IEP documenting Gregory displayed "impulsive verbal reaction[s] to authority"). Accordingly, a reasonable jury could conclude that conduct caused by Gregory's disability motivated his removal from the team. *See Sedor v. Frank*, 42 F.3d 741, 746 (2d Cir. 1994) (explaining that "causation may be

4

established if the disability caused conduct that, in turn, motivated" the adverse decision); *Gonzalez v. Rite Aid of New York, Inc.*, 199 F. Supp. 2d 122, 130 (S.D.N.Y. 2002). Judgment as a matter of law was thus not warranted. *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008).[2]

## II.    Award of Attorney's Fees

We review an award of attorney's fees for abuse of discretion. *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). The prevailing party in an action commenced under the ADA may recoup "reasonable attorney's fee[s], including litigation expenses, and costs." 42 U.S.C. § 12205; Fed. R. Civ. P. 54(d). This party bears the burden of establishing entitlement to a fee award and documenting the hours expended and appropriate hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Ordinarily, courts use the lodestar method to determine the fee award, *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992), but they may "use a percentage deduction as a practical means of trimming fat from a fee application," *McDonald*, 450 F.3d at 96 (citations and internal marks omitted). The Springs contend the district court abused its discretion by reducing their fee award by 80%, from $451,688.92 to $90,337.79. We agree.

A court is entitled to reduce fees for several reasons. Where a plaintiff has achieved limited success, the court should award fees reasonable in relation to the results obtained, as determined by looking to quality and quantity of what the plaintiff achieved as compared to what they sought in the complaint. *Holick v. Cellular Sales of New York, LLC*, 48 F.4th 101, 106 (2d Cir.

---

[2] For substantially the same reasons, we determine that the verdict was not against the weight of the evidence and that the district court did not abuse its discretion in denying Allegany-Limestone's motion for a new trial. *Qorrolli v. Metro. Dental Assocs.*, 124 F.4th 115, 125 (2d Cir. 2024); *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417–18 (2d Cir. 2012).

2022); *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008). A reduction also may be warranted where there are inaccuracies or vagaries in timekeeping that prevent meaningful review. *Pasini v. Godiva Chocolatier, Inc.*, 764 F. App'x 94, 95 (2d Cir. 2019) (summary order); *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022). However, a court does not have *carte blanche* to make these reductions. Rather, its reduction must be proportionate to the degree of success or the billing deficiencies it identifies. *See Raja*, 43 F.4th at 87; *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (explaining that a district court has discretion to deduct a "*reasonable* percentage" (emphasis added)).

Although the district court was entitled to reduce Plaintiffs' fee award, we conclude that the record does not justify "such a steep overall reduction." *Raja*, 43 F.4th at 91; *Guardians Ass'n of Police Dep't of New York v. City of New York*, 133 F. App'x 785, 786 (2d Cir. 2005) (summary order) (explaining that an 80% reduction is "unusually large"). Contrary to what the district court found, the vague timekeeping entries were not so severe as to "obscure redundant or unreasonable billing practices." *Raja*, 43 F.4th at 89–90. In fact, the district court was able to identify where the attorneys had double-billed for travel and which "specific entries . . . it viewed as vague." *Id.* (determining percentage-based cut was inappropriate where the district court could identify deficient entries). These specific deficiencies did not, on their own, "reasonably lead to a substantial across-the-board cut." *Id.*

The district court similarly miscalculated the degree of the Springs' success. The district court correctly acknowledged that many of the Springs' claims were dismissed prior to trial. But it omitted mention of the Springs' successful appeal to this Court, which reversed some of these dismissals. *Spring v. Allegany-Limestone Cent. Sch. Dist.*, 655 F. App'x 25, 27–28 (2d Cir. 2016) (summary order) (reversing dismissal of the ADA and Rehabilitation Act claims). At trial, the

6

Springs proved that Gregory was disabled and that Allegany-Limestone intentionally discriminated against him. And while the district court correctly noted that the Springs' deliberate indifference claim was unsuccessful, it failed to recognize that this claim shared a common core of facts and law with the discrimination claim—most notably, the existence of Gregory's disability. *Green v. Torres*, 361 F.3d 96, 98 (2d Cir. 2004) (explaining that, where claims involve common facts or related legal theories, attorney's fees may be awarded for successful and unsuccessful claims). In sum, the record does not support the district court's extreme reduction. Its fee award therefore fell outside the range of permissible decisions. *Raja*, 43 F.4th at 86.

\* \* \*

We have considered the parties' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court regarding judgment as a matter of law and a new trial but **VACATE** the judgment regarding fees and **REMAND** the case for proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7